423 So.2d 648 (1982)
STATE of Louisiana
v.
Paul Mitchell GOODLEY.
No. 82-K-0937.
Supreme Court of Louisiana.
November 29, 1982.
Rehearing Denied January 7, 1983.
*649 William J. Guste, Jr. Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Evelyn Oubre, Eugene A. Bouquet, Asst. Dist. Atty., for relator.
Steven Broussard, Lake Charles, for respondent.
BLANCHE, Justice.
Defendant Paul Goodley was charged by grand jury indictment with the crime of first degree murder in violation of La.R.S. 14:30. During a trial by jury that began on June 23, 1980, improper jury instructions were given as to the number of jurors who must agree in order to render a verdict. The trial court incorrectly stated that while all twelve jurors had to concur in order to find the defendant guilty as charged, only ten of the twelve had to agree on the responsive verdicts. The defendant neither requested the instruction nor objected to it as being improper. The jury found the defendant guilty of manslaughter by a ten to two vote.
Goodley appealed, challenging only the excessiveness of his 15 year sentence. On appeal, this court considered the incorrect jury instruction to be a patent error and reversed the conviction on the grounds that it was invalid because not returned by a unanimous jury. See State v. Goodley, 398 So.2d 1068 (La.1981). The case was remanded and the State attempted to retry Goodley for first degree murder.
Goodley filed a motion to quash the first degree murder indictment based on principles of double jeopardy. The trial court granted the motion, ruling that jeopardy had attached and therefore the defendant could not be retried for first degree murder. This court granted the State's writ in order to review the ruling of the trial court on the issue of double jeopardy.
In a single assignment of error, the State argues that the trial court erred in ruling that jeopardy had attached to these proceedings so as to bar retrial of the defendant for the crime of first degree murder. We disagree. In our opinion, principles of double jeopardy do not preclude retrial of this defendant. Rather, we conclude that to retry Goodley for the crime of first degree murder would unconstitutionally impair the exercise of his right to appeal. La. Const. art. I, § 19 (1974).
The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Article I, § 15 of the 1974 Louisiana Constitution contains a similar guarantee. The guarantee against double jeopardy has *650 been said to consist of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
An analysis of the present case in conjunction with the criteria set forth above demonstrates that retrial of this defendant would not expressly violate any of the interests sought to be protected by the Fifth Amendment. This fact becomes evident when we examine the effect of the jury verdict in the prior proceeding.
On our first consideration of this case, we ruled that the jury's manslaughter verdict was invalid under La.C.Cr.P. art. 782 and Article I, § 17 of the 1974 Louisiana Constitution. In doing so, we stated:
"In addition to these express provisions it has been determined that a conviction on a lesser included offense operates as an acquittal on the greater charged offense. Code of Criminal Procedure Article 598; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Therefore, in view of the above, it is clear that the vote on the lesser included offense, which acts as an acquittal verdict on the capital charge must conform to the requirements of a lawful verdict on the greater offense, a unanimous verdict." State v. Goodley, 398 So.2d 1068, 1070 (La.1981).
According to this rule, the ten to two verdict handed down by the jury at Goodley's first trial could constitute neither a conviction of manslaughter nor an acquittal of murder. Without the concurrence of all twelve jurors, there could be no verdict. Therefore, for all practical purposes, it is as if the jury in the prior proceeding failed to reach a decision. It is a well-established part of our constitutional jurisprudence that "jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where `unforseeable circumstances... arise during [the first] trial making its completion impossible, such as the failure of a jury to agree on a verdict.' Wade v. Hunter, 336 U.S. 684, 688-689 [69 S.Ct. 834, 837], 93 L.Ed. 974, 978." Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957).
The rule announced in Green v. United States, supra, likewise does not operate to bar retrial of this defendant under double jeopardy principles. Green holds that when one is convicted of a lesser offense included in that charged in the original indictment, he can be retried only for the offense of which he was convicted rather than that with which he was originally charged. The Green decision was based upon the double jeopardy provision's guarantee against retrial for an offense of which the defendant was acquitted. Since Goodley was not validly convicted of manslaughter and hence not acquitted of first degree murder, the double jeopardy rule of Green is not applicable to resolve the present situation.
An examination of the jurisprudence in this area reveals that the true test of whether double jeopardy precludes retrial in various situations involves a balancing of the defendant's interest in seeing that criminal proceedings against him are resolved once and for all in a single prosecution against society's valued interest in enforcement of its criminal laws. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). As the Supreme Court noted in Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837 (1949), "a defendant's valued right to have his trial completed by a particular tribunal must in some circumstances be subordinated to the public's interest in fair trials designed to end in just judgments." Consistent with this principle, it has repeatedly been recognized that the double jeopardy clause does not prohibit the government's retrying a defendant whose conviction has been set aside because of an error in the proceedings leading to conviction. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). As Justice Harlan has explained: "The determination to allow reprosecution in these circumstances *651 reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decisionmaking resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." Jorn, supra 400 U.S. at 484, 91 S.Ct. at 556.
Under this analysis, it follows that the Fifth Amendment likewise should not bar retrial of a defendant where a nonwaivable defect, such as an illegal verdict fails to result in either a conviction or acquittal at defendant's first trial. Where no valid judgment has been obtained, the defendant's double jeopardy interests simply cannot be considered to extend so far as to compel society to relinquish its interest in punishing one whose guilt is clear by means of a fair and procedurally accurate trial.
This principle has been implicitly recognized and followed in Louisiana. In the case of State v. Cook, 396 So.2d 1258 (La. 1981) a patent error review revealed an invalid verdict which necessitated the reversal of the defendant's conviction. In ordering the reversal, this court held that retrial of the defendant was proper because "there was no legal verdict rendered, either of conviction or of acquittal". Cook, supra at 1261. Although the Cook opinion does not directly address the double jeopardy issue, its holding does implicitly recognize that the double jeopardy protection simply does not extend to a situation in which no verdict, either of conviction or acquittal, has been rendered.
It therefore becomes evident that the prohibition against double jeopardy does not operate to bar Goodley's retrial for the crimes of first degree murder or manslaughter. Although there is no doubt that jeopardy did attach in Goodley's initial trial for first degree murder,[1] such jeopardy is not regarded as having come to an end so as to bar a subsequent prosecution for either first degree murder or manslaughter. Under the Fifth Amendment, where a nonwaivable defect, such as an illegal verdict, prevents a jury from delivering either a conviction or acquittal at a defendant's first trial, that defendant cannot avail himself of the plea of double jeopardy.
Despite the fact that the constitutional protection against double jeopardy does not in and of itself prohibit Goodley's retrial for first degree murder, we are of the opinion that to retry Goodley for the crime of first degree murder would be inconsistent with the right to appeal in Louisiana.
Louisiana Code of Criminal Procedure article 912.1 and article I, § 19 of the 1974 Louisiana Constitution guarantee a defendant in a felony case a right to appeal. Appeals have always been favored in the law of this state. Davidge v. Magliola, 346 So.2d 177 (La.1977).
In exercising his right to appeal, Goodley did not attack his conviction for manslaughter. He raised only the issue of the excessiveness of his sentence. Now, as a result of this court's patent error reversal of that conviction, the State is attempting to retry Goodley for first degree murder. Should the State be allowed to do so, the defendant would be facing a possible death sentence[2] or life imprisonment as a result of an appeal through which he sought only to have this court review the excessiveness of his sentence for manslaughter. Such a result is unconscionable.
Due process of law requires that avenues of appellate review, once established, must be kept free of obstacles that can only impede open and equal access to the courts. Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. *652 1497, 16 L.Ed.2d 577 (1966). Consistent with this principle, this court has held that the State may not seek the death penalty on retrial of a capital case in which the defendant was successful in having his life sentence reversed. State v. Washington, 380 So.2d 64 (La.1980). In Washington, it was recognized that to allow the defendant to again be faced with the death penalty after successfully attacking his first conviction "would `impair [] to an appreciable extent,' Crampton v. Ohio, reported sub nom., McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711 (1971), the policies underlying the constitutional right to appeal in Louisiana." State v. Washington, supra at 67.
Although this court in Washington accepted the analysis in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) that the prospect of a more severe sentence on retrial after a successful appeal will not, in the ordinary course, "chill" the accused's right to appeal, the present case involves a unique factual situation. In the first place, this case deals with reinstituting a more severe charge than the defendant was "convicted" of below. Secondly, since the defendant never attacked his conviction for manslaughter, he cannot now be said to have been successful in having it overturned. Consequently, the Chaffin rationale does not control the present situation.
Under the present set of facts, Goodley did not have the opportunity to weigh the possibility of retrial when deciding whether or not to appeal. Because he at no time questioned the validity of his conviction, the defendant did not even contemplate the possibility of retrial. It was only because this court, on its own motion, searched for and discovered a patent error that the validity of the conviction was ever considered. Now, by forcing a procedurally accurate trial on the defendant for the first degree murder charge, this court is in effect penalizing him for pursuing his right to appeal.
As we held in Washington, such a result is inconsistent with the policies underlying the constitutional right to appeal in Louisiana.[3] cf. In re Merritt, 391 So.2d 440 (La.1980).
Therefore, we conclude that to subject Goodley to a second prosecution for first degree murder would have a chilling effect on the exercise of his right to appeal in violation of La. Const. art. I, § 19 (1974). However, nothing in this opinion should be interpreted to preclude retrial of this defendant for the crime of manslaughter, since on retrial he would not be faced with a more severe charge than he was "convicted" of below.

DECREE
For reasons assigned, the judgment of the trial court quashing the indictment for first degree murder is hereby affirmed.
DENNIS, J., concurs.
NOTES
[1] La.C.Cr.P. art. 592 provides that jeopardy begins when the 1st witness is sworn at the trial on the merits. Under Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978) jeopardy attaches when the jury is impaneled and sworn. La.C.Cr.P. article 592 has been judicially amended to comport with the federal rule. State v. Sermon, 404 So.2d 261 (La.1981).

Under either rule, there is little doubt that jeopardy did attach in this case, as defendant was subjected to a full blown trial on the merits.
[2] Although it must be noted that in arguing the motion to quash in the trial court, the assistant district attorney stipulated that the state would not seek the death penalty.
[3] The Federal constitution similarly prohibits "penalizing" those who choose to exercise the right to appeal. See North Carolina v. Pearce, 395 U.S.711, S.Ct. 2072, 23 L.Ed.2d 656 (1969).