| iWALTZER, Judge,
concurring in part and dissenting in part.
I agree that the trial court’s ruling granting a new trial on counts 1, 2 and 5 has to be reversed, because of the finality of the verdicts of “not guilty” recorded in the minute entry and jurors’ verdict sheets. I also agree that the trial court’s ruling granting a new trial on counts 3 and 4 is appropriate. However, a retrial on counts 3 and 4 should be limited to the reduced charge of simple robbery only because this was the verdict recorded by the trial judge. La.C.Cr.P. art. 598 provides:
A. When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial....
It is inconsistent to say that the minute entry and verdict sheets constituted a final verdict for counts 1, 2 and 5, but not for counts 3 and 4. When the defendant was “found guilty” of a lesser degree of the offense charged, the verdict of the court is deemed an acquittal of all greater offenses charged; the protections of double jeopardy bar reprosecution on the greater offenses. Green v. U.S., 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
In light of the court’s holding that the minute entry as well as the jury’s verdict sheets constitute a final verdict, State v. Goodley, 423 So.2d 648 (La.1982) is inappo-site and does not require the result reached in the per curiam.