THOMAS, J.,
concurring.
I concur in the majority opinion, but write to explain that while we cannot determine whether Appellant will again be tried for first-degree murder, the possibility is not foreclosed by the constitutional prohibition against double jeopardy. If Appellant is tried for first-degree murder, he will have the right to demand a 12-person jury. Thus, contrary to the State’s argument, Appellant has demonstrated prejudice by counsel’s failure to obtain a mistrial after a juror was removed for misconduct.
*363 As explained in the majority opinion, although Appellant was indicted for first-degree murder, the 11-person jury convicted him of the lesser-included offense of second-degree murder. The State has characterized the verdict as a “jury pardon,” asserting no prejudice can be demonstrated because Appellant will only be entitled to a six-person jury if he obtains post-conviction relief and his conviction is vacated. As explained herein, however, the verdict is null and void. Allowing an 11-person verdict in a capital trial invalidated the structure of the trial; therefore, jeopardy did not attach to the verdict, and Appellant will be entitled to demand a 12-person jury on retrial if he is tried again for first-degree murder.
The trial court found that Appellant would not have waived his right to a mistrial after a juror was removed following deliberations, and the State does not contest this fact. Appellant has proven that he would have terminated the trial before a verdict could have been rendered. Appellant and the State are now returned to status quo ante, and the State may seek to try Appellant for the capital crime of first-degree murder. Thus, no jeopardy attached to the proceeding or the verdict finding Appellant guilty of second-degree murder. See Richardson v. United States, 468 U.S. 317, 326, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984) (holding double jeopardy did not bar retrial where a jury could not render a verdict and a mistrial was granted); see also Ricketts v. Adamson, 483 U.S. 1,11,107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (holding double jeopardy did not prohibit capital prosecution of defendant who pled guilty to second-degree murder and agreed to testify against co-defendants but violated plea agreement by refusing to testify at retrial, and state properly sought new indictment for capital murder resulting in death sentence imposed at trial for first-degree murder); Sattazahn v. Pennsylvania, 537 U.S. 101, 112-13, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (holding that where penalty phase jury deadlocked on sentence, and trial court imposed default life sentence required by state law, but conviction was later reversed, neither double jeopardy nor due process barred new trial for capital murder with exposure to death penalty). The Florida Supreme Court noted in State v. Collins, 985 So.2d 985, 992 (Fla.2008), that the guarantee against double jeopardy protects against a second prosecution for the same offense after an acquittal. Here, due to the structural defect in the trial, no verdict was rendered; therefore, no acquittal on the capital charge occurred.
An 11-person jury cannot reach a legitimate verdict in a capital case, absent a waiver by the defendant. See Williams v. State, 792 So.2d 1207, 1210 (Fla.2001) (holding a new trial required when juror is replaced by an alternate during jury deliberations). Although Williams was not decided at the time of Appellant’s trial, the same rationale applies, as noted in Middleton I, 984 So.2d at 522. In Williams, the Florida Supreme Court explained that a verdict rendered invalid by an 11-person jury in a capital case is not subject to a harmless error analysis. 792 So.2d at 1210. Although the court did not specifically find that such a procedure is fundamental error, it noted that such a jury is subject to the “specter of jury taint.” Id.
It is well established that “ ‘former jeopardy includes one who has been acquitted by a verdict duly rendered.’ ” Burks v. United States, 437 U.S. 1, 7, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (emphasis added) (quoting Sapir v. United States, 348 U.S. 373, 374-75, 75 S.Ct. 422, 99 L.Ed. 426 (1955)). Here, the verdict was not “duly rendered,” because an 11-person jury cannot make any decision in a capital case under state law, absent the defendant’s *364 agreement. Appellant’s waiver was not knowing and voluntary because he was not advised of his right to obtain a mistrial.
Allowing jury deliberations to proceed with 11 people is a structural defect, not a trial error. See State v. Goodley, 423 So.2d 648 (La.1982) (determining double jeopardy principles would not prevent defendant from being retried where acquittal resulted from an illegal verdict based on non-unanimous vote, but holding defendant could not be subjected to another trial where he attacked only excessiveness of sentence, not the conviction). Unlike the defendant in Goodley, Appellant collaterally attacked his conviction on the correct assertion that the non-waivable structural defect of an 11-person jury verdict rendered the entire proceeding invalid.
Courts have addressed whether a trial is rendered a nullity due to “structural defect” or “structural error.” Generally, when an error is subject to a harmless error analysis, the reviewing court will not consider the entire trial invalid. By contrast, a structural error
‘affec[ts] the framework within which the trial proceeds’ and [is] not ‘simply an error in trial process itself.’ ... Structural error usually requires no showing of prejudice by the defendant and may invalidate the first proceeding. If the first proceeding is invalid or void, then no jeopardy attaches to those proceedings.
Ex parte McCombs, 24 So.3d 1175, 1178 (Ala.Ct.Crim.App.2009) (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (citations omitted)). Here, a structural error occurred because Appellant successfully demonstrated he would not have authorized an 11-person jury to return a verdict. No specific showing of prejudice was required because, as explained in Middleton I and in the majority’s decision here, prejudice was presumed once Appellant established he would have moved for mistrial if given the opportunity. Thus, a new trial for capital murder may be conducted.
As the United States Supreme Court noted in United States v. Dinitz, 424 U.S. 600, 607, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (quoting United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)), “ ‘where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant’s motion is necessitated by prosecutorial or judicial error.’ ” Cf. United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (holding double jeopardy prohibits government appeal and retrial following valid judgment of acquittal entered by trial court after jury deadlocked on criminal contempt charge).
Appellant’s position is no different than defendants who successfully obtain a mistrial or successfully move to vacate their pleas and are then returned to their original position. See Ricketts, 483 U.S. at 11, 107 S.Ct. 2680 (holding that where a plea agreement is vacated, the parties can be returned to their original position without violating the prohibition against double jeopardy). In Ricketts, the Court noted its prior decision, United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), in which it held that “ ‘in a case such as this the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence ... suffers no injury cognizable under the Double Jeopardy Clause[.]” Ricketts, 483 U.S. at 11, 107 S.Ct. 2680 (emphasis added). Here, Appellant has successfully demonstrated that, but for the Sixth Amendment violation, he would have demanded “termi *365 nation of the proceedings against him on a basis unrelated to factual guilt or innocence.” Both parties, therefore, must be returned to their original position.
Once Appellant and the State are returned to the status quo ante, Appellant could be subject to trial for capital murder. Compare Chaffin v. Stynehcombe, 412 U.S. 17, 35, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (holding possibility of more severe sentence on retrial after appeal or collateral attack does not violate double jeopardy or due process protections), and United States v. Bordeaux, 121 F.3d 1187 (8th Cir.1997) (holding double jeopardy prohibition not applicable where jury unable to agree on greater charge but convicts on lesser-included offense because no “implied acquittal” occurred on greater offense), with North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (holding it is denial of due process to impose vindictive sentence following successful appeal), Ex parte Gillentine, 980 So.2d 966 (Ala.2007) (holding state could not retry defendant who was convicted of lesser-included offense where retrial mandated by jury instruction error which did not constitute “structural defect” nullifying original verdict), and Moody v. State, 931 So.2d 177 (Fla. 2d DCA 2006) (trial court not permitted under double jeopardy prohibition and Fla. R.Crim. P. 3.640(a) to retry defendant on greater charge where jury returned verdict for lesser-included offense and appellate court ruled “jury taint” required new trial only on lesser-included charge).
Here, unlike Gillentine, a mistrial should have and would have been declared, but for the violation of Appellant’s Sixth Amendment right to counsel. The Second District’s opinion in Moody is distinguishable because, there, a new trial was granted due to juror misconduct, not an illegally-composed jury panel. Cf. Goodley, 423 So.2d at 651.
We cannot now determine whether Appellant will be tried again for first-degree murder; that decision belongs to a separate branch of the government. Because that is a legal possibility, however, Appellant was prejudiced by his counsel’s failure to move for a mistrial during the original trial.
Thus, I concur in the majority opinion for reasons stated therein, in addition to the reasons explained above.