DANIEL L. DYSART, Judge.
|! Lance Everson was charged on January 9, 2014, in No. 518-761 “C”, with possession of heroin,[1] cocaine, hydroeodone, methamphetamine,[2] diazepam, methelyndi-oxymethamphetamine (MDMA),[3] and marijuana, and contributing to the delinquency of a minor, in a multiple count bill of information. On February 6, 2015, Ever-son was charged in No. 523-416 “C”, with aggravated battery with a dangerous weapon, second degree kidnapping, and battery. In the same bill of information, he and a co-defendant were charged with trafficking of children for sexual purposes, possession with intent to distribute heroin, cocaine, methelyndioxymethamphetamine (MDMA), marijuana, hydroeodone, and Tramadol, a legend drug.
On July 31, 2015, the trial court sua sponte quashed the bills of information in both No. 518-761 “C” and 523-416 “C”, citing to La. Code Crim. Proc. art. 532(3), stating: “... the charges are duplicitous considering you’ve [the State] now filed case 525-655.” The trial court was referencing a new bill of information 12charging both Everson and a co-defendant with all of the charges previously contained within No. 518-761 “C” and 523-416 “C”.[4]
The State appeals the trial court’s ruling arguing that only the defendant or his counsel may file a motion to quash, which must be in writing.
DISCUSSION:
Louisiana Code of Criminal Procedure art. 536 provides:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds upon which it is based. The court shall hear no objection based on grounds not stated in the motion.
The article does not provide authority for the trial coúrt to quash a bill of information on its own motion. However, the defendant argues that Article 536 does not specifically preclude the trial court from acting on its own motion. The defendant does not cite to any jurisprudence in support of this position.
The defendant instead relies on La.Code Crim. Proc. art. 485, which provides in part:
*1148 [i]f it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court, may on its own motion, and on the motion of the defendant shall, order that the indictment be quashed unless the defect is cured....
We find the defendant’s argument is ill-founded as there was no bill of particulars provided to the defendant by the State and the defendant did not file a |3motion to quash. As such, the provision of Article 485 that “the court may on its own motion, ..., order that the indictment ' be quashed[,]” is inapplicable. See State v. Marcelin, 13-0893, p. 9 (La.App.12/18/13), 131 So.3d 427, 432 (“Both La.C.Cr.P. arts. 532(5) and 485, explicitly require that a “bill of particulars” show a ground for quashing [a] bill of information.”). Instead, the quashing of the two bills of indictment was.the unilateral act of the trial court, which is not permitted under La. Code Crim. Proc. art. 536. We find that the code does not provide inherent authority for. the trial court to quash a bill of information sua sponte.
Accordingly, we reverse the ruling of the trial court, and remand this matter for further proceedings.
REVERSED AND REMANDED.

. Nolle prosequied.

. Amended to possession of diazepam.

. Amended to possession of benzylpiperazine (BZP).

.There is nothing in the record before this Court evidencing a new bill of information in No. 525-655 “C”. However, the defendant’s brief states that No. 525-655 "C” also contains an additional charge of trafficking children for sexual purposes.