STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

21-190


STATE OF LOUISIANA

VERSUS

MACHELL RODGERS

**********


ON APPLICATION FOR SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 211,754
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of John D. Saunders, Van H. Kyzar, and Charles G. Fitzgerald, Judges.


**WRIT DENIED.**

Charles A. Riddle, III
District Attorney - 12th Judicial District
Anthony Francis Salario
Assistant District Attorney
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
        Counsel for Plaintiff - Respondent:
            State of Louisiana


Chad P. Guillot
Attorney at Law
P. O. Drawer 158
Marksville, LA 71351
(318) 253-6656
        Counsel for Defendant - Applicant
            Machell Rodgers

**KYZAR, Judge.**

Defendant, Machell Rodgers, filed the instant pre-trial application for a writ of review from the trial court's denial of a motion for a special jury instruction to be given at his scheduled May 10, 2021 trial.[1]  For the reasons herein, we deny the writ application.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was charged on January 23, 2019, with theft over $25,000, a violation of La.R.S. 14:67.  The bill of information alleges the offense occurred "on or about January 16, 2018." On September 2, 2020, Defendant filed a "Motion to Allow Special Jury Instruction Regarding Nonunanimous Verdict" in the trial court alleging the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), does not affect Louisiana's law allowing a ten-to-two verdict to acquit.  He sought a special jury instruction at trial saying at least ten jurors must concur to find him not guilty, but all twelve jurors must concur to find him guilty.  The trial court held the *Ramos* Court "threw out [A]rticle 782 of the Code of Criminal Procedure" and denied the motion at a hearing on November 17, 2020.  Defendant now seeks review of the denial of his motion.

## DISCUSSION

Louisiana Code of Criminal Procedure Article 802(1) requires that the trial court in criminal cases charge the jury "[a]s to the law applicable to the case[.]"

---

[1]Christopher K. Gaines, Jr., filed an identical motion for the same jury charge in his criminal case under docket numbers 209,985 and 209,986 before the same trial court as did Paul Fox in docket number 207,523.  Identical writs have been filed in connection with the denial of their motions. Those writs are before this court in docket numbers 21-189 and 21-191, respectively.

Louisiana Code of Criminal Procedure Article 807 gives to the state and the defendant "the right before argument to submit to the court special written charges for the jury" but specifically provides that "[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." The language "shall" within the statute connotes that it is a mandatory requirement of the trial court, but only when the requested charge is "wholly correct" and not in need of further "qualification" or "explanation." *Id.*

Defendant seeks a special jury instruction at trial that would inform the jury of twelve people that at least ten jurors must concur to find him not guilty, but all twelve jurors must concur to find him guilty. He contends the United States Supreme Court's decision in *Ramos*, 140 S.Ct. 1390, requires a unanimous verdict to convict but not to acquit a defendant. He cites no authority for his position other than *Ramos*. We conclude that this is not a "wholly correct" statement of the law, and the trial court did not err in denying Defendant's motion for the charge.

The offense in the instant case was committed on or about January 16, 2018. Louisiana Constitution Article l, § 17(A), as amended by 2018 La. Acts No. 493, effective January l, 2019, reads, in pertinent part:

> A case for an offense committed prior to January l, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January l, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

Likewise, La.Code Crim.P. art. 782(A), as amended by the same act, states in pertinent part:

A case in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

For offenses committed on or after January 1, 2019, a jury must, based on the plain language of the Constitution and Article 782(A), unanimously concur in any verdict, not solely in its guilty verdict. Thus, a jury in those cases must unanimously reach a verdict to acquit as well. That the instant offense occurred prior to the effective date of these provisions requires us to look to *Ramos*, 140 S.Ct. 1390, and other jurisprudence for guidance.

*Ramos* refers to a defendant's "conviction" and a jury's "verdict" and concludes a guilty verdict must be unanimous to obtain a defendant's conviction. However, the Supreme Court thoroughly discusses the history of the unanimous verdict requirement as referencing any verdict, not just a guilty one. A nonunanimous jury verdict is an illegal and invalid verdict as per the Constitution.

> The text and structure of the Constitution clearly suggest that the term "trial by an impartial jury" carried with it *some* meaning about the content and requirements of a jury trial.

> One of these requirements was unanimity. Wherever we might look to determine what the term "trial by an impartial jury trial" meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable. A jury must reach a unanimous verdict in order to convict.

> The requirement of juror unanimity emerged in 14th century England and was soon accepted as a vital right protected by the common law. As Blackstone explained, no person could be found guilty of a serious crime unless "the truth of every accusation . . . should . . . be confirmed by the unanimous suffrage of twelve of his equals and neighbors, indifferently chosen, and superior to all suspicion." A " 'verdict, taken from eleven, was no verdict' " at all.

3

*Id.* at 1395 (footnotes omitted).

The *Ramos* opinion, authored by Justice Gorsuch, states, "We took this case to decide whether the Sixth Amendment right to a jury trial—as incorporated against the States by way of the Fourteenth Amendment—requires a unanimous verdict to *convict* a defendant of a serious offense." *Id.* at 1394 (emphasis added). The opinion further addresses unanimous verdicts only in terms of convictions in stating, "[a] jury must reach a unanimous verdict in order to *convict*[,]" and, "[s]o if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a *conviction* in federal court, it requires no less in state court." *Id.* at 1395, 1397 (emphasis added). However, the opinion also states "at the time of the Sixth Amendment's adoption, the right to trial by jury *included* a right to a unanimous verdict" without limiting the unanimous verdict to convictions only. *Id.* at 1402.

While *Ramos* does not specifically address a nonunanimous verdict of not guilty, arguably permitting a lesser requirement than a verdict of conviction, we can find no other jurisprudence to suggest the standard for a verdict of not guilty, or an acquittal, to be less than that required for conviction. We conclude from the Supreme Court's analysis in *Ramos* that the Constitution requires unanimity in all verdicts, not just guilty verdicts.[2]

Indeed, in *State v. Strong*, 19-590, p. 1 (La.App. 3 Cir. 12/23/20) (unpublished opinion), this court commented, "In *Ramos*, the Supreme Court unambiguously determined that non-unanimous verdicts are not permissible under the Sixth Amendment to the Constitution[,] and the prohibition applies to the states

_____

[2]The United States Supreme Court heard arguments on December 2, 2020, in *Edwards v. Vannoy*, ___ U.S. ___, 140 S.Ct. 2737, 2738 (2020), on whether *Ramos*, 140 S.Ct. 1390, "applies retroactively to [a] case on federal collateral review." The Court has not yet rendered a decision in that case.

through the Fourteenth Amendment." This court spoke in terms of nonunanimous verdicts, not nonunanimous convictions. Without question, a finding of not guilty by a jury, an acquittal, is a verdict. La.Code Crim.P. arts. 814, 815, 912.

In *State v. Goodley*, 423 So.2d 648, 651 (La.1982), the supreme court held that a "non-waivable defect, such as an illegal verdict, prevents a jury from delivering either a conviction or acquittal[.]" The court went on to state that an illegal verdict at a defendant's first trial will not support a plea of double jeopardy barring a re-trial. The illegal verdict at issue in *Goodley* was a nonunanimous jury verdict in a capital case. *State v. Goodley*, 398 So.2d 1068 (La.1981). The supreme court reasoned that an illegal verdict is equivalent to no verdict, either of conviction or acquittal. *Goodley*, 423 So.2d at 651. Further, this court found the nonunanimous jury verdict to be an illegal and invalid verdict pursuant to *Ramos* in *State v. Broussard*, 19-792 (La.App. 3 Cir. 6/12/20), 299 So.3d 176. Thus, a nonunanimous verdict in the instant case, as authorized by Defendant's requested jury charge, would also be an invalid, illegal, unconstitutional verdict.

### DECREE

Thus, we conclude that *Ramos*, 140 S.Ct. 1390, does not support Defendant's pre-trial argument that he is entitled to his requested jury instruction. It makes no distinction between acquittals and convictions when declaring nonunanimous verdicts unconstitutional. Thus, we find no error in the trial court's ruling of November 17, 2020, denying Defendant's motion for a special jury instruction at trial to inform the jury of twelve people that only ten of them must concur in a verdict of not guilty.

**WRIT DENIED.**

5