## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-156

**STATE OF LOUISIANA**

**VERSUS**

**CODY NICHOLAS DAVIS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11424-19
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED IN PART AND VACATED IN PART.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cody Nicholas Davis**

**Stephen C. Dwight**
**District Attorney**
**Charles H. Robinson**
**Karen McClellan**
**Assistant District Attorneys**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 600**
**Lake Charles, La 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**KYZAR, Judge.**

The defendant, Cody Nicholas Davis, appeals his adjudication and sentence as a third habitual offender for the offense of obstruction of justice by tampering with evidence. For the reasons herein, we vacate and set aside the adjudication and enhanced sentence for this offense.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged as a third and subsequent offender, a violation of La.R.S. 15:529.1, by bill of information filed on May 15, 2019. Therein, the State sought to enhance Defendant's sentences for illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1; aggravated flight from an officer, a violation of La.R.S. 14:108.1(C); unauthorized use of a motor vehicle, a violation of La.R.S. 14:14:68.4; obstruction of justice by tampering with evidence, a violation of La.R.S. 14:130.1(A)(1); and aggravated criminal damage to property, a violation of La.R.S. 14:55.

On August 2, 2019, the trial court adjudicated Defendant a third habitual offender and sentenced him to serve three years at hard labor for illegal possession of a stolen firearm, four years at hard labor for aggravated flight from an officer, two years at hard labor for unauthorized use of a motor vehicle, two years at hard labor for obstruction of justice by tampering with evidence, and seven and one-half years at hard labor for aggravated criminal damage to property. The trial court ordered the sentences imposed for aggravated criminal damage to property and aggravated flight from an officer to be served consecutively and all other sentences to be served concurrently.[1]

---

[1] Defendant was also convicted of possession of a weapon by a convicted felon in trial court docket number 9273-18 on September 7, 2018. The State did not seek to enhance that sentence. However, the trial court resentenced Defendant to ten years for that offense. The trial court subsequently realized its error and noted the sentence for that offense was to remain six years at hard labor.

Defendant was convicted of the above-listed offenses in trial court docket number 9273-18 on September 7, 2018. He was subsequently adjudicated and sentenced as a habitual offender under docket number 11424-19. The underlying offenses occurred on April 10, 2018.

Defendant filed a motion for appeal in both cases on August 14, 2019, and that motion was granted. The appeals were not consolidated. Thus, Defendant's appeal from the underlying convictions was lodged separately with this court and is dealt with in a separate opinion. *State v. Davis*, 20-155 (La.App. 3 Cir. _/_/21), _ So.3d _. Therein, in light of *Ramos v. Louisiana*, 590 U.S._, 140 S.Ct. 1390 (2020), we vacated Defendant's conviction for obstruction of justice by tampering with evidence, as the verdict of the jury was not unanimous. On appeal, Defendant re-filed the identical brief as the one filed in the companion appeal, asserting no assignments of error regarding his habitual offender adjudication, other than urging in his third assignment of error that the sentence imposed for obstruction of justice for tampering with evidence be vacated because the verdict for that offense was not unanimous.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find none.

## DISCUSSION

In his third assignment of error, Defendant contends his underlying conviction for obstruction of justice by tampering with evidence is unconstitutional as the verdict was rendered by a less than unanimous verdict. As a result, he urges that the enhanced sentence imposed is likewise invalid and should be vacated. We agree.

Defendant's conviction for obstruction of justice by tampering with evidence has been vacated for lack of unanimity of the verdict. It was and is an illegal and

2

invalid verdict. In *State v. Goodley*, 423 So.2d 648 (La.1982), the supreme court reasoned that an illegal verdict is equivalent to no verdict, either of conviction or acquittal. A sentence based on an invalid verdict is itself invalid. *See* La.Code Crim.P. art. 872(3); *State v. Thibodeaux*, 380 So.2d 59 (La.1980). Accordingly, Defendant's enhanced sentence for that offense is vacated.

## DECREE

Defendant's adjudication as a third felony offender and enhanced sentence of three years at hard labor for obstruction of justice by tampering with evidence is vacated, and the remaining habitual offender sentences are affirmed.

**AFFIRMED IN PART AND VACATED IN PART.**