STATE OF LOUISIANA

VERSUS

FREDERICK SEYMORE, JR.

NO. 23-KA-50

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 16,340, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

September 20, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

<u>**REVERSED AND REMANDED**</u>
    **MEJ**
    **SMC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA
    Honorable Bridget A. Dinvaut
    Anthony J. Ibert

COUNSEL FOR DEFENDANT/APPELLEE,
FREDERICK SEYMORE
    Prentice L. White

**JOHNSON, J.**

Appellant, the State of Louisiana, appeals the October 14, 2022 order of the 40th Judicial District Court that declared Defendant, Frederick Seymore, Jr., was acquitted of the charge of second degree murder, and further ordered that the State was barred from retrying the Defendant on the charges delineated in the original indictment filed on October 10, 2016. For the following reasons, we reverse the district court's judgment and remand the matter.

## FACTS AND PROCEDURAL HISTORY

Defendant's previous conviction of second degree murder by a non-unanimous jury and subsequent sentence of life imprisonment without benefits were vacated by this Court pursuant to *Ramos v. Louisiana*, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *See State v. Seymore*, 20-129 (La. App. 5 Cir. 11/4/20), 305 So.3d 1038, 1047. On remand, a second trial commenced on January 4, 2022 to reconsider whether Defendant was guilty of second degree murder. Ultimately, the jury cast "zero guilties" votes in response to the question of whether Defendant was guilty of second degree murder. The jury also found, by a verdict of 10-2, that Defendant was guilty of manslaughter and cast zero guilty votes in response to the question of whether Defendant had committed negligent homicide.[1]

After a sidebar, the district court declared a mistrial due to the illegal verdict. Defendant's counsel argued that "no yay votes under second degree murder" equated to "twelve not guilties". Thus, the defense believed the jury returned "a legal verdict", although the "yays and nays for manslaughter [was not] a legal vote because it's ten to two". The State countered that the manslaughter verdict was not legal, and advised that it would like an opportunity to research and submit a brief on the matter. The district court set a status hearing for March 14, 2022, granted

---

[1] Both the State and Defendant waived polling of the jury.

leave to the parties to submit briefs, but advised both parties on the record that it might issue a judgment before then.[2]

According to the abstract of minutes in the record, five post-trial status hearings were held between March and October 2022. The district court finally issued an order with written reasons for judgment on October 14, 2022. The court ordered "that the trial resulted in an 12 - 0 acquittal of the charge of second degree murder[, . . .] that the record be corrected to reflect this[, . . .] and that the State is barred from retrying the case in all respects as related to the facts in the indictment[.]" The State then filed a Motion to Reconsider the Court's Order of October 14, 2022, which was denied by the district court on November 14, 2022.

The next day, the State filed its writ application with this Court. On December 2, 2022, this Court denied the State's writ application finding that the judgment was final and appealable. *State v. Seymore*, 22-529 (La. App. 5 Cir. 12/02/22) (unpublished writ disposition). This Court remanded the matter with instructions for the district court to consider the State's notice of intent to seek supervisory writs as a motion for appeal and to proceed accordingly. *Id*. The instant appeal followed.

### *ASSIGNMENTS OF ERROR*

The State appeals the district court's October 14, 2022 order that found Defendant was acquitted of the charge of second degree murder, ordered the record to be corrected to enter an acquittal of second degree murder, and barred the State from retrying the matter in all respects as related to the factual circumstances delineated in the original indictment filed on October 10, 2016. The State argues that the jury did not reach a valid verdict on all the charges at the end of the deliberations that took place on January 7, 2022.

---

[2] Defendant remained released on bail with conditions pending judgment.

The State also contends that the district court erred in barring the retrial of Defendant, and in quashing the original indictment on the Court's own motion. The State asserts that neither party requested that the Court's original ruling ordering the mistral be reversed, and an order of acquittal be entered. The State contends that Defendant has not filed any other motions, including a motion to quash the indictment. As such, the State maintains that the Court acted without authority in reversing the order of mistrial, ordering the entry of an acquittal on the charge of second degree murder, and, in quashing the bill of indictment on its own motion.

Defendant maintains that the district court correctly entered a valid acquittal on the charge of second degree murder that would bar the State from subsequently retrying Defendant on the second degree murder charge. Pursuant to *State v. Gasser*, 21-255 (La. App. 5 Cir. 12/16/21), 335 So.3d 342, *writ granted,* 22-64 (La. 3/2/22), 333 So.3d 823, *aff'd,* 22-64 (La. 6/29/22), 346 So.3d 249, Defendant asserts that the jury's unanimous *not guilty* verdict of the greater offense would act as an *implied* acquittal of that offense for any future prosecutions[.]

### *LAW AND DISCUSSION*

Acquittal of second degree murder charge

In a jury case, a mistrial may be ordered, and the jury dismissed, when the jury is unable to agree upon a verdict. La. C.Cr.P. art. 775(2). "When a mistrial is granted because the jury is deadlocked, a second trial is a 'manifest necessity'." *State v. Brossette*, 93-1036 (La. App. 3d Cir. 3/2/94), 634 So.2d 1309, 1314-15, *writ denied*, 94-802 (La. 6/24/94) 640 So.2d 1344, *citing Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). "In such a case of 'manifest necessity', the double jeopardy clause does not attach to bar reprosecution." *Id.*

In *Gasser*, *supra*, the defendant was charged with second degree murder in connection with the shooting death of Joseph McKnight related to a 2016 road rage

incident. 335 So.3d at 253. On January 26, 2018, the jury returned a non-unanimous, responsive verdict of ten to two – a valid verdict at the time – finding the defendant guilty of the lesser offense of manslaughter in violation of La. R.S. 14:31. The *Gasser* court concluded "Defendant's *conviction* of the lesser included offense of manslaughter was an *implied acquittal* of the second degree murder charge and the State may not retry defendant for second degree murder." *Gasser*, 346 So.3d at 262. 323, 329; *Price v. Georgia*, 90 S.Ct. 1757, 1761; 26 L.Ed.2d 300 (1970) (emphasis added, footnote omitted).

Although the Louisiana supreme court overruled *State v. Goodley*, 423 So.2d 648 (La. 1982), in *Gasser*, it took note of the following language from *Goodley*: "[w]here *no valid judgment* has been obtained, the defendant's double jeopardy interests simply cannot be considered to extend so far as to compel society to relinquish its interest in punishing one whose guilt is clear by means of a fair and procedurally accurate trial." *Id.* at 651 (Emphasis added). "[I]t follows that the Fifth Amendment likewise should not bar retrial of a defendant where a non-waivable defect, such as an illegal verdict fails to result in *either a conviction or acquittal* at defendant's first trial." *Id.* (Emphasis added).

The only responsive verdicts which may be rendered when the indictment charge is second degree murder are: Guilty; Guilty of manslaughter; Guilty of negligent homicide; or Not Guilty. La. C.Cr.P. art. 814. In the instant case, the district court entered and recorded the jury's verdict, then discharged the jury before declaring a mistrial. In reviewing the summary of the responsive verdicts for the charges listed at the bottom of the verdict sheet, it appears that only two jurors found Defendant "**Not Guilty**" of second degree murder – although the verdict, and both the minute entry and transcript from the last day of trial, reveal that no "**Guilty**" votes were cast. Additionally, because the 10-2 verdict on the

manslaughter charge is not a legal verdict, it cannot operate as an implied acquittal of the second degree murder charge as was the case in *Gasser*, *supra*.

The State cited to *State v. Robinson,* 21-561 (La. App. 5 Cir. 8/23/21) (unpublished writ disposition), *writ denied*, 21-1315 (La. 8/27/21), 323 So.3d 381, in support of its argument that it may proceed to trial with second degree murder charges against Defendant until a "valid verdict" – a unanimous decision on one of the four permissible verdicts allowed pursuant to La. C.Cr.P. art. 814(3) – is returned. In *Robinson*, we reiterated this Circuit's position that unanimous verdicts are required to convict or acquit in felony cases. The jury in *Robinson* found the defendant not guilty of felony charges by a verdict of ten to two. Because a non-unanimous verdict cannot acquit a defendant of the charge(s) faced, in that case, jeopardy did not attach, and the defendant could be retried on those same felony charges after a mistrial had been declared. Likewise, in the case before us, we find that the non-unanimous, illegal, non-responsive verdict returned by the jury cannot acquit Defendant of the second degree murder charge. Double jeopardy did not attach, and the State may retry Defendant on the second degree murder charge. Last, we find that the district court's original order of a mistrial pursuant to La. C.Cr.P. art. 775(2) was correct.

Sua sponte motion to quash indictment

The district court's October 14, 2022 order effectively quashed the indictment in this matter. A motion to quash is a procedural vehicle for challenging an indictment or a bill information. La. C.Cr.P. arts. 531-533. La. C.Cr.P. art. 536 states: "A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion." Previously, this Court has strictly construed the provisions of La. C.Cr.P. art. 536 and held that

failure to file a written motion to quash, or specify grounds upon which it is based, is reversible error. *See State v. Branch*, 00-1668 (La. App. 5 Cir. 3/28/01), 784 So.2d 43; *State v. Bentel*, 00-57 (La. App. 5 Cir. 9/26/00), 769 So.2d 1247. A motion to quash a bill of information may be based on the grounds that trial for the offense charged would constitute double jeopardy. *See* La. C.Cr.P. art. 532(6).

On appeal, the State contends, and the defense concedes, that Defendant has not filed a motion to quash the indictment. In fact, Defendant's brief on appeal concedes that it is unprecedented for the trial court, on its own motion, to "make an order that would essentially quash the indictment that was filed."

In *State v. Wiggins*, 20-23 (La. App. 5 Cir. 9/22/20), 2020 WL 5640479 (unpublished opinion), the State contended that the trial court erred in granting the defendant's motion to enforce a plea agreement, thereafter quashing the bill of information. This Court vacated the trial court's ruling that effectively quashed the prosecution and remanded the matter for further proceedings. First, this Court noted that the defendant did not file a motion to quash seeking a dismissal of the prosecution; rather, the defendant only requested throughout the proceedings that the court enforce an alleged agreement that he would not serve jail time on his current charges. This Court noted that a request for the enforcement of an agreement that provided for no jail time does not necessarily require a dismissal of the charges, and held that the trial court clearly exceeded its authority in quashing the prosecution. *Id.* at *3.

*See also State v. Everson*, 15-1159 (La. App. 4 Cir. 4/20/16), 194 So.3d 1146, where the trial court *sua sponte* quashed bills of information, and the State appealed the trial court's rulings, arguing that only a defendant or his trial counsel may file a motion to quash. The appellate court held that La. C.Cr.P. art. 536 does not authorize a trial court to quash a bill of information on its own motion, and the trial court's action was a unilateral act not permitted by La. C.Cr.P. art. 536.

23-KA-50                                6

Likewise, in the case at bar, we find that the district court was without authority to issue an order *sua sponte*, stating that the State is "barred from retrying this case in all respects as related to the factual circumstances delineated on the indictment filed on October 10, 2016," in the absence of a written motion to quash as required by La. C.Cr.P. art. 536.[3]

### *DECREE*

Considering the foregoing, the district court's October 14, 2022 order that the January 4, 2022 trial resulted in 12-0 acquittal in favor of Defendant of the charge of second degree murder, that the record be corrected to enter the acquittal of the second degree murder charge, and that the State is "barred from retrying Defendant on the charge of second degree murder as related to the factual circumstances delineated on the indictment filed on October 10, 2016" is reversed. The matter is remanded to the district court for further proceedings.

**REVERSED AND REMANDED**

---

[3] *See* La. C.Cr.P. art. 61, which provides, "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." *See also* La. Const. Art. V § 26(B), which states, "Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 20, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-50**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)          ANTHONY J. IBERT (APPELLANT)          HONORABLE BRIDGET A. DINVAUT
                                                                       (APPELLANT)

**MAILED**
PRENTICE L. WHITE (APPELLEE)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
16731 CICERO AVENUE
BATON ROUGE, LA 70816