367 So.2d 360 (1979)
STATE of Louisiana ex rel. Sammie ROBINSON, Relator,
v.
Frank BLACKBURN, Warden, Respondent.
No. 62961.
Supreme Court of Louisiana.
January 29, 1979.
*361 Stanley E. Branton, Stan Branton & Associates, Inc., Wilson R. Ramshur, Willis & Ramshur, St. Francisville, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., William E. Woodward, Asst. Dist. Atty., A. Z. Butterworth, Special Asst. Dist. Atty., for defendant-respondent.
CULPEPPER, Justice Ad Hoc[*]
The relator, Sammie Robinson, while serving a life sentence at Angola, was indicted on January 4, 1974, under LSA-R.S. 14:30(3)[1] for the first degree murder of a fellow inmate on November 22, 1973. He plead not guilty and his trial commenced on November 14, 1974. At the close of the State's case, defense counsel moved for a directed verdict of acquittal, a procedure then available in Louisiana but later repealed. The trial court granted the motion on the grounds that the State had failed to introduce any evidence that the defendant was serving a life sentence at the time of the alleged murder, a necessary element of the crime. After a brief recess and before the jury was discharged, the relator plead guilty under the same indictment to the lesser included offense of second-degree murder. He was sentenced to life imprisonment.
Subsequently, the defendant applied for a writ of habeas corpus on the basis that he had been put in jeopardy twice for the same offense. The trial court denied the writ of habeas corpus. We granted writs.
The relator states his one assignment of error as follows:
"The trial erred in denying the petitioner's writ of habeas corpus on the ground that the amendment of the bill of indictment and the entry of a plea of guilty to *362 second degree murder after a directed verdict of acquittal as to first degree murder was not valid being unsupported by a valid indictment and if valid offended the Constitutional prohibition against double jeopardy."
The decisive issues are: (1) Does a directed verdict by a judge differ from a verdict of acquittal by a jury in that a defendant may be subjected to trial on a lesser included offense if the motion is granted by a judge, whereas, if acquitted by a jury, double jeopardy precludes any further prosecution? (2) Does a plea of guilty waive the right to raise the issue of double jeopardy?
Protection against double jeopardy is guaranteed to a defendant in a state court under both the federal and state constitutions. U.S.Const. Amend. V; La. Const, of 1974, art. 1, Sec. 15; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). It is a guarantee against a second prosecution for the same offense after acquittal or conviction, and against multiple prosecutions for the same offense. State of Louisiana v. Cotton, 341 So.2d 362 (La.1976); State v. McCarroll, 337 So.2d 475 (La.1976).
This principle forms the basis of Article 591 of the Code of Criminal Procedure:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant."
The protections afforded by these provisions are implemented when the accused has actually been placed in jeopardy. Article 592 of the Code of Criminal Procedure describes at what point jeopardy attaches:
"When a defendant pleads not guilty, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed."
Second-degree murder was a lesser grade of, and a responsive verdict to, first-degree murder at the time of the offense and at the time of the trial, Act 126 of 1973. Therefore, the charge of first-degree murder included second-degree murder in the "same offense," within the meaning of the double jeopardy provisions of La.Code of Criminal Procedure, Art. 596(1):
"Double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial;"
It is also clear that the trial on the first-degree murder charge, to which the defendant had plead not guilty, had progressed beyond the point at which jeopardy attached, i. e., the swearing of the first witness. If the judgment of acquittal of first-degree murder had been by the jury, double jeopardy would clearly have prevented prosecution or sentence for second-degree murder. The issue is whether the directed verdict had the same effect.
At the time of trial, La.Code of Criminal Procedure, Article 778 provided:
"In a jury trial the court may direct a verdict of not guilty of one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
The State argues in brief to this Court that the authority of the trial court to grant a directed verdict on one or more of the offenses charged allows a judge to grant a directed verdict specifically on the charge for which the defendant is being tried, but not the lesser included offenses of that charge. In the present case, the trial judge specifically granted the motion as to the first degree murder charge. However, the defense argues that there is no difference between a judge's directed verdict and a jury's verdict of acquittal.
One essential distinction between the directed verdict and the jury verdict is *363 that the jury has the option to return a verdict of guilty on a lesser and included offense while the trial judge's directed verdict of acquittal can only be on the charge contained in the indictment. The state argues that this difference means that a judge's directed verdict of acquittal of first-degree murder is "limited", i. e., it is only a legal holding as to the offense charged and leaves unanswered the question of the defendant's guilt on any lesser or included offenses. In essence, the State maintains that a directed verdict, unlike a jury verdict, is only an acquittal of the offense charged, and not an acquittal of the lesser included offenses.
We find no cases which squarely decide the precise issue here. In Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962) the court faced the question of whether the government could retry the petitioners after a judgment of acquittal had been entered at the direction of the trial judge. In a per curiam opinion, the court held that a retrial of the accused after the entry of the judgment of acquittal at the direction of the trial judge would be a violation of the double jeopardy prohibition.
State v. Baskin, 301 So.2d 313 (La.1974) and State v. Johnese, 304 So.2d 331 (La. 1974) did not involve lesser included offenses, but the language used supports a holding that a directed verdict has the same effect as a jury verdict. In both cases, the central issue was whether the State could appeal from a directed verdict of acquittal. We held that the state and federal constitutional guarantees against double jeopardy prohibit appeal by the state from a directed verdict of acquittal, the same as if the verdict had been by a jury. In Baskin, this court states:
"The difference between a directed verdict and a jury verdict, then, lies only in their source; the effect of acquittal is the same in either case. To draw a distinction between jury verdicts and directed verdicts where the Code of Criminal Procedure does not would violate the tenet that provisions of the Code of Criminal Procedure are to be construed ` . . . to secure simplicity in procedure . . `, La.Code Crim.P. art 2 (1966). . . ."
The court cites and approves the reasoning of Fong Foo v. United States, supra:
"Even where a directed verdict of acquittal is based upon `an egregiously erroneous foundation,' the accused cannot be retried without violating the double jeopardy guarantee. Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1961). Therefore, a judgment of acquittal, whether it results from a jury verdict or from a verdict directed by the court, bars any further criminal proceedings against the defendant for the same offense."
Faced with the same issue of whether the government can appeal after a judge has directed the entry of a judgment of acquittal, the U. S. Supreme Court has held in a series of cases that the constitutional prohibition against double jeopardy bars the appeal. U. S. v. Martin Linen Supply Company, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); and Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).
In construing our former statute on directed verdicts, we consider two established rules of statutory construction: (1) All criminal statutes are construed strictly, and (2) the words of a statute must be read in their every day meaning. Under these principles, the phrase "one or more of the offenses charged" means the offenses which are expressly charged in the bill of information or indictment, whether one or more. The statute cannot be construed, as the State contends, to permit "limited directed verdicts", i. e., directed verdicts limited to the offense charged and permitting further prosecution of lesser included offenses which are not expressly charged.
We conclude that under our former directed verdict statute, La.Code of Criminal Procedure, Article 778, a defendant acquitted by a directed verdict on the offense charged could not be retried on a lesser included offense without violating both the *364 state and federal prohibitions against double jeopardy.
The issue of whether the relator waived his constitutional right against double jeopardy has been settled by this Court in the case of State v. Crosby, 338 So.2d 584 (La.1976). In that case, we held that even an unqualified plea of guilty will not waive "jurisdictional" defects, including double jeopardy.
For the reasons assigned, the relator's conviction and sentence for second-degree murder are reversed and set aside. It is now ordered that judgment be entered in favor of the relator granting his petition for a writ of habeas corpus and discharging him from said sentence.
CALOGERO and DENNIS, JJ., dissent.
NOTES
[*] Chief Judge William A. Culpepper of the Court of Appeal, Third Circuit, participated in this decision in place of Chief Justice Sanders, retired.
[1] At the time of the alleged crime, LSA-R.S. 14:30(3) provided:

"First degree murder is the killing of a human being: . . .
"(3) Where the offender has a specific intent to kill or to inflict great bodily harm and has previously been convicted of an unrelated murder or is serving a life sentence; . . ."
The mandatory death penalty under this murder statute has since been declared unconstitutional, Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), and replaced.