# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KM-01151-SCT

*RONALD OSTRANDER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/1/2000 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | V. W. CARMODY |
| | PAMELA LUCKIE CASTLE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | ROBERT KEITH MILLER |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED- 01/10/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/31/2002 |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On March 1, 2000, Ronald Ostrander was convicted of a first offense D.U.I. in the Circuit Court of Greene County. Aggrieved by the judgment entered on the jury's decision, he timely perfected this appeal.

## FACTS

¶2. On February 24, 1996, Ronald Ostrander was arrested by Mississippi Highway Patrol Sergeant Tommy Henderson at a road block in Greene County for driving under the influence of alcohol. The arrest was based on Henderson's observations of indicia of intoxication, Ostrander's admission that he had been drinking, and the presence of beer in Ostrander's car. Ostrander refused to submit to the intoxilyzer test. He was charged with a D.U.I. second offense.

¶3. Ostrander was tried and convicted in the Justice Court of Greene County with his sentencing delayed "pending a DUI appealed from the Municipal Court of Leakesville." Ostrander filed a notice of appeal pursuant to Miss. Code Ann. § 99-35-1 to the Circuit Court of Greene County. His motion for a jury trial was granted. The State offered one witness at the trial, the Mississippi Highway Patrolman who issued the

DUI, Trooper Tommy Henderson. The State attempted to introduce a court abstract to support the charge of a second offense DUI. Defense counsel objected and argued, inter alia, that the first conviction had been dismissed, and thus, could not be used to support the charge of a second offense DUI. The trial judge sustained the objection to the introduction of the abstract.

¶4. The trial then proceeded with the cross-examination of Trooper Henderson. After brief redirect examination, the State rested. Ostrander moved for a directed verdict asserting that the State failed to prove the element of a prior conviction, and as a result, failed to prove a required element of its case. The trial judge overruled the motion for a directed verdict as to the case as a whole, but ruled that a first offense DUI is a lesser-included offense of a DUI second offense. He allowed the case to go the jury as a DUI first offense. The jury found that Ostrander was guilty of a DUI first offense. The trial judge sentenced Ostrander to 48 hours in the Greene County jail, a $1,000 fine, and costs of court. Ostrander promptly moved for a new trial, or in the alternative, for a JNOV. This motion was denied. Aggrieved, Ostrander perfected his appeal to this Court. He raises the following issue:

> **WHETHER THE TRIAL COURT ERRED WHEN, AFTER DIRECTING A VERDICT IN FAVOR OF THE DEFENDANT ON THE CHARGE OF DUI SECOND OFFENSE, THE TRIAL COURT ALLOWED THE STATE TO AMEND THE CHARGE TO DUI FIRST OFFENSE**

## STANDARD OF REVIEW

¶5.Questions of law are reviewed de novo. ***Department of Human Servs. v. Gaddis***, 730 So. 2d 1116, 1117 (Miss. 1998).

## DISCUSSION

¶6. At the close of the State's case, Ostrander moved for a directed verdict. The trial judge denied Ostrander's motion as to the entire case. He held that a first offense D.U.I. is a lesser-included offense of a second offense DUI and allowed the issue to go before the jury on the question of the DUI first offense. To put our discussion in context, a review of the arguments and ruling is necessary:

> BY MS. PAMELA CASTLE: Comes now the Defendant at the close of the State's case and moves for a directed verdict in this matter. Motion for a directed verdict is considered in looking at all the evidence most favorable to the State. Mr. Ostrander is charged with a ticket of a second offense. There's been no proof of a prior conviction at this stage of the case, and the State has rested. With that lacking, we would move to dismiss . . .

> ****

> BY THE COURT: On that basis, it will be denied. Go ahead.

> BY MS. PAMELA CASTLE: Okay. Can I have a specific reasoning as to why that would be denied, Your Honor? If they fail to prove the element at all.

> BY THE COURT: Well, the gist of this offense is operating a motor vehicle while impaired. The enhancement provided by the first, second and third offenses concerns punishment. And amendments can be allowed to conform to the evidence and the proof here. And certainly first offense DUI or first

conviction DUI is a lesser offense of the second offense, which is a lesser offense of a third or felony offense. So, for that reason the gist of the offense, the failure of the introduction of the evidence of a prior conviction is not fatal here. So, I will deny your motion.

BY MS. PAMELA CASTLE: But they have not moved to amend. They have charged him with a DUI second offense.

BY THE COURT: I denied the motion . . .

However, this did not end the discussion about Ostrander's motion for a directed verdict. Shortly following the above discussion, yet more discussions were had:

BY THE COURT: - - With regard to instructing the jury, there is no proof of a first offense. So, you are correct in the posture of the case at this point. I took your motion for a directed verdict on the entire case, which I denied. With respect to driving under the influence second offense, yes, the charge will have to be reduced based upon the proof.

BY MS. PAMELA CASTLE: Reduced on whose motion, Your Honor?

BY MR. [PROSECUTOR] BURHORN: It's a lesser included offense.

BY THE COURT: It's a lesser included offense. I will direct a verdict on that grounds, if you would like me to, on second offense DUI But driving under the influence is a lesser included offense.

Does the State have a motion?

BY MR. BURHORN: Your Honor, we would amend to show, ask the Court to amend to proceed on a D.U.I. driving under the influence first offense. And the second offense, since it was I guess dismissed, we have to proceed just on the DUI

¶7. Ostrander first argues that proof of a prior DUI conviction is a necessary element for his conviction of a second offense DUI. The State agrees. Ostrander was on trial for the following violations of Miss. Code Ann. § 63-11-30(2)(b):

(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor . . .

(2)(b) "Upon any second conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined not less than Six Hundred Dollars ($600.00) nor more than One Thousand Five Hundred Dollars ($1,500.00) and shall be imprisoned not less than ten (10) days nor more than one (1) year and sentenced to community service work for not less than ten (10) days nor more than one (1) year.

¶8. *Weaver v. State*, 713 So. 2d 860, 865 (Miss. 1997) (holding that "[t]he State has to prove the prior [DUI] charges and convictions of the defendant in order to meet its burden and obtain a conviction for a Felony DUI."), *Williams v. State*, 708 So. 2d 1358, 1362-63 (Miss. 1998) (reaffirming that the "State has to prove the prior [DUI] convictions in order to meet its burden under Miss. Code Ann. §63-11-30(2)(c) and obtain a conviction for felony DUI."), and *Smith v. State*, 736 So. 2d 381, 383 (Miss. Ct. App. 1999) (also holding that prior convictions are necessary elements of felony DUI), demonstrate that a prior

conviction is a necessary element of the underlying charge.

¶9. These cases occurred within the context of felony DUI prosecutions, i.e. a prosecution for a third or subsequent DUI pursuant to Miss. Code Ann. § 63-11-30(2)(c). The appellants in each of the three cases alleged assignments of error due to the denial of their respective requests for bifurcated trials. Among the arguments presented for bifurcating the trials was that the prior sentences were for enhancement purposes only, i.e. they were not substantive elements of a felony DUI charge. We expressly rejected this argument in this context. Specifically, in *Williams*, 708 So. 2d at 1363, we stated:

> Miss. Code Ann. § 63-11-30(1) (1996) enumerates what actions will subject a person to prosecution for a DUI. As stated earlier, "defining crimes and prescribing punishments are exclusively legislative functions as a matter of constitutional law." (citations omitted.) What constitutes (i.e. the elements) a felony DUI is defined by the legislature in Miss. Code Ann. §63-11-30(2)(c) (1996).

Following this analysis in the case presently before us, it necessarily follows that a prior DUI conviction is a necessary element of a DUI second offense. Our inquiry, therefore, proceeds to Ostrander's next argument.

¶10. Ostrander argues that Miss. Code Ann. § 63-11-39 (1996), along with this Court's opinion in *Harris v. State*, 723 So. 2d 546 (Miss. 1997), preclude the jury from convicting Ostrander of first-offense DUI. Section 63-11-39 provides: "The court having jurisdiction or the prosecutor shall not reduce any charge under this chapter to a lesser charge." The State argues that no such reduction occurred in this case, but, rather, the trial judge entered only a partial directed verdict as to the greater offense and submitted the lesser-included offense of first-offense DUI to the jury.

¶11. The language of § 63-11-39, even strictly construed, does not support Ostrander's argument. The sole function of § 63-11-39 is to prohibit reduction of DUI charges to non-DUI charges. The modifying phrase "under this chapter," signifying DUI offenses, is not repeated after the phrase "to a lesser charge." Furthermore, prior to 1996, the prohibition against reducing charges applied only to individuals whose blood was shown to contain ten one-hundredths percent (.10%) or more by weight volume of alcohol by chemical analysis of the person's breath or blood. These statutes are penal in nature. The purpose of § 63-11-39, both prior to 1996 and as amended, was to prevent those charged with DUI from receiving reduced charges of non-DUI offenses. To accept Ostrander's argument that the purpose of § 63-11-39 is to prevent the jury from convicting Ostrander of a first-offense DUI when a second-offense was charged would thwart the purpose of this statute. If such were the purpose of the statute, the prior application of the prohibition to those with .10% blood alcohol content would be absolutely meaningless.

¶12. The Attorney General has likewise interpreted the "lesser charge" referred to in § 63-11-39 to mean non-DUI offenses. Op. Miss. Att'y Gen. 93-0437 (July 19, 1993). The Attorney General reached the same conclusion after the 1996 amendment, stating that "no DUI charge may be reduced to a non-DUI charge after July 2, 1996." Op. Miss. Att'y Gen. No. 96-0617 (Sept. 6, 1996).

¶13. Furthermore, there has been no reduction in the charge here. As stated in *McIlwain v. State*, 700 So. 2d 586, 588-89 (Miss. 1997), an indictment for felony DUI must charge: (1) the accused with having a prior DUI conviction, and (2) the accused with committing the present DUI offense. The charge of a second-offense DUI necessarily includes the charge of first-offense DUI. Section 63-11-39 does not prevent Ostrander from being convicting of a "lesser" offense where he has been charged with a felony which necessarily includes the lesser offense. Logically, he has been charged with both.

¶14. This Court's decision in *Harris v. State*, 723 So. 2d 546 (Miss. 1997), does not prevent the jury from convicting Ostrander of first-offense DUI. In *Harris*, this Court concluded that "where the accusatory pleading fails separately to charge lesser included offenses, and the court grants a motion for directed verdict of acquittal, the judgment of acquittal on the charged offense includes acquittal on all uncharged lesser included felony offenses." *Id.* at 549. This holding must not be interpreted outside the factual and procedural context of *Harris*. In *Harris*, the trial court's grant of the defendant's motion for directed verdict was an "apparently unqualified acquittal." *Id.* at 548. This Court observed, "The difference between a directed verdict and a jury verdict lies only in the source; the effect of the acquittal is the same in either case." *Id.* (citing *State ex rel. Robinson v. Blackburn*, 367 So. 2d 360, 362-63 (La. 1979)). The Court also stated that "a judgment of acquittal, whether entered by jury verdict or by grant of a directed verdict should be accorded equal weight and consequences. *Id.* (citing *People v. McElroy*, 208 Cal.App.3d 1415, 256 Cal.Rptr. 853, 858 (1989)). In the case at bar, the trial judge expressly limited his directed verdict to the second-offense DUI. Such an acquittal, accompanied by an indication that the judgment did not encompass acquittal of the lesser-included offense, does not protect Ostrander from liability for the lesser offense necessarily included in the second-offense DUI. Miss. Code Ann. § 99-19-5 (2000) specifically provides:

> On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

¶15. Finally, we reject Ostrander's claim that he has been prejudiced by the State's proceeding on the charge of first-offense DUI. The charge of second-offense DUI necessarily required proof that Ostrander committed a DUI offense on February 24, 1996, and that at that time, he had already committed a previous DUI offense. As a result of the limited directed verdict, Ostrander was charged with committing a DUI offense on February 24, 1996. Ostrander's counsel announced ready at the beginning of trial. Ostrander has failed to demonstrate how the limited directed verdict somehow made him "unready" to defend against one of the elements contained in the charged offense. No facts were altered by the directed verdict, and no defense was suddenly unavailable. This assignment of error is without merit.

## CONCLUSION

¶16. For these reasons, the judgment of the circuit court is affirmed.

¶17. **CONVICTION OF DRIVING UNDER THE INFLUENCE OF ALCOHOL AND SENTENCE OF 48 HOURS, LESS TIME SERVED, IN THE CUSTODY OF THE GREENE COUNTY JAIL AND PAY COST OF COURT INCURRED AND A FINE OF $1,000.00 AFFIRMED.**

> **PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**