## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1308

STATE OF LOUISIANA

VERSUS

JUNIUS ROBILLARD

Judgment rendered___**JUL 2 2 2021**___

* * * * *

On Appeal from the
Twentieth Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana

Nos. 99-CR-761, 99-CR-1023, 00-CR-165, 00-CR-166, 00-CR-167, 01-CR-339

The Honorable Kathryn E. "Betsy" Jones, Judge Presiding

* * * * *

Adrienne E. Aucoin
Jericha Remondet
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
State of Louisiana, Department of
Public Safety and Corrections, Public
Safety Services, Office of State Police

Charles E. Griffin, II
St. Francisville, Louisiana

Attorney for Plaintiff/Appellee
Junius Robillard

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (Bureau), appeals a trial court's judgment granting Junius Robillard's motion for expungement of multiple arrest records without requiring Mr. Robillard to pay a separate processing fee to the Bureau for each record of arrest. We reverse.

## BACKGROUND

On October 28, 2019, Mr. Robillard filed a motion for expungement seeking to expunge the following arrests and convictions: (1) an arrest on December 19, 1999, for a charge of hunting from a public road that was dismissed and did not result in a conviction; (2) a March 28, 2000, misdemeanor conviction stemming from an arrest on December 19, 1999, for hunting deer at night, for which more than 5 years had passed since the completion of the sentence; (3) a March 28, 2000, misdemeanor conviction for hunting from a moving vehicle stemming from a December 19, 1999, arrest, for which more than 5 years had passed since the completion of the sentence; (4) a February 4, 2002, felony conviction for introduction of contraband, stemming from an April 27, 2001, arrest, for which more than 10 years had passed since the completion of the sentence; (5) a December 21, 1999, misdemeanor conviction for entry or remaining after being forbidden, stemming from an October 22, 1999, arrest, for which more than 5 years had passed since completion of the sentence; and 6) a conviction that had been set aside or dismissed on April 7, 2000, related to an application for a peace bond.

An order was signed on November 7, 2019, directing the East Feliciana Parish District Attorney and Sheriff, along with the Bureau, to file an affidavit within 60 days of the service of the order if the motion for expungement was

2

objected to. The District Attorney and Sheriff did not object to the expungement motion. On January 21, 2020, the Bureau filed an affidavit of response opposing the order of expungement. The Bureau did not oppose Mr. Robillard's eligibility for expungement, but instead raised an issue regarding the amount Mr. Robillard would have to pay the Bureau in order to have that agency expunge his arrest records. The Bureau cited La. C.Cr.P. art. 983B(1), which gives the Bureau the right to charge a processing fee of $250.00 for the expungement of "any record of arrest" when ordered by a court to do so. The Bureau did not oppose the expungement of records pertaining to the first arrest date listed in Mr. Robillard's motion, December 19, 1999. However, the Bureau claimed, it would be unable to expunge charges from any additional date of arrest unless Mr. Robillard paid an additional processing fee for each additional date of arrest. Further, the Bureau demanded that Mr. Robillard amend his petition to reflect his arrest and conviction charges accurately, as Mr. Robillard alleged he was convicted of hunting from a moving vehicle and was not convicted of hunting from a public road, and the minutes of the court stated otherwise.[1]

Following a hearing on the motion for expungement, the trial court granted Mr. Robillard's motion. In a judgment signed on June 2, 2020, the trial court entered judgement in favor of Mr. Robillard and against the Bureau, finding that Mr. Robillard complied with the provisions of Article 983 by paying the maximum cost to expunge his criminal record in the amount of $550.00. The Bureau suspensively appealed the judgment.

In this appeal, the Bureau asserts that the trial court erred in granting the motion for expungement of multiple arrest records without requiring Mr. Robillard

---

[1] According to the State's brief, Mr. Robillard filed an amended motion for expungement, maintaining his request for expungement of arrest and conviction charges from four separate arrest events, but changed one arrest charge and one conviction charge to match the court's minutes and the Bureau's records.

3

to pay a separate processing fee of $250.00 for each record of arrest as provided for in Article 983B(1) of the Louisiana Code of Criminal Procedure.

Louisiana Code of Criminal Procedure article 983 provides, in pertinent part:

A. Except as provided for in Articles 894 and 984, the total cost to obtain a court order expunging a record shall not exceed five hundred fifty dollars.

***

B. The nonrefundable processing fee for a court order expunging a record shall be as follows:

(1) The Louisiana Bureau of Criminal Identification and Information may charge a processing fee of two hundred fifty dollars for the expungement of any record of arrest when ordered to do so by the court in compliance with the provisions of this Title.

(2) The sheriff may charge a processing fee of fifty dollars for the expungement of any record of arrest when ordered to do so by a court in compliance with the provisions of this Title.

(3) The district attorney may charge a processing fee of fifty dollars for the expungement of any record of arrest when ordered to do so by the court in compliance with the provisions of this Title.

(4) The clerk of court may charge a processing fee not to exceed two hundred dollars to cover the clerk's costs of the expungement.

C. The clerk of court shall collect all processing fees at the time the motion for expungement is filed.

D. (1) The clerk shall immediately direct the collected processing fees provided for in Subparagraph (B)(1) of this Article to the Louisiana Bureau of Criminal Identification and Information and the processing fee amount shall be deposited immediately upon receipt into the Criminal Identification and Information Fund.

(2) The clerk shall immediately direct the collected processing fees provided for in Subparagraphs (B)(2) and (3) of this Article to the sheriff and the district attorney, and the processing fee amount shall be remitted immediately upon receipt in equal proportions to the office of the district attorney and the sheriff's general fund.

E. The processing fees provided for by this Article are nonrefundable and shall not be returned even if the court does not grant the motion for expungement.

4

***

H. If an application for expungement of a record includes two or more offenses arising out of the same arrest, including misdemeanors, felonies, or both, the applicant shall be required to pay only one fee as provided for by this Article.

I. Notwithstanding any provision of the law to the contrary, an applicant for the expungement of a record...may proceed in forma pauperis in accordance with the provisions of Code of Civil Procedure Articles 5181 et seq.

The trial court construed Paragraphs A and B of Article 983 to provide that the maximum processing fee a person could be charged to expunge a criminal record is $550.00, regardless of how many separate arrest records that person sought to expunge. The Bureau argues that the trial court erred in interpreting Article 983 to allow an individual to have an entire criminal record expunged upon paying $550.00 in processing fees, regardless of the number of arrests the person seeks to expunge. According to the Bureau, under the plain wording of Article 983B(1), which authorizes the Bureau to collect $250.00 for the expungement of "any record of arrest," Mr. Robillard was not entitled to expunge multiple records of arrest without paying a separate $250.00 processing fee to the Bureau for each record of arrest.

In order to resolve the dispute regarding the construction of Article 983, we turn to the established rules of statutory construction of criminal statutes. The starting point in the interpretation of any statute is the language of the statute itself. **State v. Shaw**, 2006-2467 (La 11/27/07), 969 So.2d 1233, 1242. There are two basic rules governing the interpretation of all criminal statutes, including those found in the Code of Criminal Procedure: (1) all criminal statutes are construed strictly; and (2) the words of a statute must be read in their every-day meaning. **State v. Blackburn**, 367 So.2d 360, 363 (La. 1979). A criminal procedural statute, like any other statute, should be interpreted so as to be in harmony with and

5

to preserve the intent of the legislature. **State v. Taylor**, 2012-0345 (La. App. 4th Cir. 6/26/13), 118 So.3d 65, 83, writ denied, 2013-1830 (La. 2/28/14), 134 So.3d 1169 (*citing* **State v. Shaw**, 969 So.2d at 1242). What the legislature says in the text of a statute is the best evidence of the legislative intent or will. **State v. Shaw**, 969 So.2d at 1242. When the words of a statute are clear and free from ambiguity, they are not to be ignored under the pretext of pursuing their spirit. Id.

In Louisiana Code of Criminal Procedure article 971, entitled, "Legislative findings," the legislature declared that Louisiana law provides for the expungement of certain arrest and conviction records under limited circumstances. La. C.Cr.P. art. 971(1). In enacting the expungement articles, the legislature sought to balance the legitimate needs of law enforcement agencies and the desire to afford employment opportunities to all Louisiana citizens. La. C.Cr.P. art. 971(7).

The Louisiana Code of Criminal Procedure provides definitions for words used in the expungement provisions found in Articles 971 through 996.[2] Louisiana Code of Criminal Procedure article 972 defines the term "expunge a record" to mean the removal of "a record of arrest or conviction... from public access..." La. C.Cr.P. art. 972(1). The term "records" as used in the expungement articles is defined to include "any incident reports, photographs, fingerprints, disposition, or any other such information of any kind in relation to **a single arrest event** in possession of the clerk of court, any criminal justice agency, and local and state law enforcement agencies.... La. C.Cr.P. art. 972(4)(Emphasis added).

The term "record" is used repeatedly throughout Article 983. Paragraph A of Article 983 provides that the total cost to obtain a court order expunging "**a record**" shall not exceed $555.00. Paragraph B of Article 983 provides the non-

---

[2] In La. C.Cr.P. art. 4, the legislature declared that unless the context clearly indicates otherwise, words in the Louisiana Code of Criminal Procedure used in the singular number apply to the plural, and words used in the plural number include the singular.

refundable processing fees due to various agencies for expunging "**a record**": (1) the Bureau may charge a processing fee of $250.00 for the expungement of "**any record of arrest**"; (2) the Sheriff may charge a processing fee of $50.00 for the expungement of "**any record of arrest**"; (3) the district attorney may charge a processing fee of $50.00 for the expungement of "**any record of arrest**" and (4) the clerk of court may charge a processing fee not to exceed $200.00 to cover the clerk's costs of the expungement. Added together, those fees total $550.00. The clerk of court is directed to collect the non-refundable processing fees at the time the motion for expungement is filed, up to a maximum of $550.00, and is directed to disburse those fees to the agencies listed in Paragraph B of Article 983. La. C.Cr.P. art. 983C & D.

The definition of the term "record" provided for in Article 972(4) makes it clear that the legislature intended for the term "record" repeatedly referenced in Article 983 to refer to a single arrest event. This interpretation is bolstered by the fact that the legislature specifically provided in Paragraph H of Article 983 that an applicant who seeks to remove multiple offenses arising out of the same arrest need only pay one application fee. If the legislature intended to require an applicant to pay a single application fee to expunge multiple separate arrest records, it could have easily so provided in Article 983. Considering that the legislature did not do so, and reading Articles 972 and 983 together and in their entirety, we find that the legislature intended the $550.00 maximum cost set forth in Paragraph A to be the maximum cost for expunging a single arrest record, arising from a single arrest event, including all charges stemming from that arrest, whether they be misdemeanors, felonies, or both. The legislature did not intend to authorize a person to expunge an entire criminal record, irrespective of the number of separate arrests and offenses that make up that person's criminal history, upon

7

paying a one-time processing fee of $550.00. Accordingly, we find that the trial court departed from the plain language of Article 983 in imposing a maximum processing fee of $550.00 for the expungement of Mr. Robillard's multiple separate arrests and all offenses stemming from those separate multiple arrests.

Mr. Robillard sought expungement of three criminal records resulting from a December 19, 1999, arrest involving hunting violations. He also sought expungement of an April 27, 2001, arrest for the introduction of contraband, an October 22, 1999, arrest for entry or remaining after being prohibited, and an April 7, 2000, conviction relating to an application for a peace bond. The Bureau acknowledges in its brief that it maintains records of only the December 19, 1999 and April 27, 2001 dates of arrest listed in Mr. Robillard's motion. The Bureau did not oppose the imposition of a $250.00 processing fee for the expungement of all charges stemming from Mr. Robillard's December 19, 1999, arrest, and in this appeal, seeks only an additional $250.00 processing fee to expunge Mr. Robillard's April 27, 2001 arrest record. In accordance with our interpretation of Article 983, the Bureau is entitled to collect a separate $250.00 processing fee for the expungement of all records relating to Mr. Robillard's April 27, 2001, arrest.

We conclude that the trial court erred in decreeing that Mr. Robillard was entitled to expunge all of the separate arrest events contained in the motion for expungement upon the payment of a one-time $550.00 processing fee. We remand the matter to the trial court to set the processing fee owed to the Bureau for the expungement of all records relating to Mr. Robillard's December 19, 1999 and April 27, 2001 arrests in accordance with this opinion.

## CONCLUSION

For the foregoing reasons, the trial court's June 2, 2020 judgment against the Bureau is reversed. The case is remanded to the trial court to set the processing fee

8

due to the Bureau in accordance with the dictates of this opinion. All costs of this appeal are assessed to appellee, Junius Robillard.

**REVERSED AND REMANDED.**