STATE OF LOUISIANA

VERSUS

RONALD GASSER

NO. 21-KA-255

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-7108, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


December 16, 2021


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg


<u>**AFFIRMED**</u>
**HJL**
**RAC**


<u>**JOHNSON, J., DISSENTS, WITH REASONS**</u>
**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLEE,
RONALD GASSER
     Dane S. Ciolino
     Clare S. Roubion

**LILJEBERG, J.**

The State of Louisiana appeals the trial court's judgment granting defendant's Motion to Quash Second Degree Murder Indictment. For the following reasons, we affirm.

## PROCEDURAL HISTORY

On February 2, 2017, defendant, Ronald Gasser, was charged by grand jury indictment with second degree murder, in violation of La. R.S. 14:30.1. Defendant proceeded to trial before a twelve-person jury on January 16, 2018. On January 26, 2018, the jury returned a non-unanimous verdict of ten to two finding defendant guilty of the lesser offense of manslaughter in violation of La. R.S. 14:31. On March 15, 2018, the trial court sentenced defendant to thirty years imprisonment at hard labor.

Defendant appealed his conviction and sentence for manslaughter, specifically challenging the sufficiency of the evidence, his non-unanimous verdict, and the trial court's admission of evidence. On July 3, 2019, this Court affirmed defendant's conviction and sentence for manslaughter. *See State v. Gasser*, 18-531 (La. App. 5 Cir. 7/3/19), 275 So.3d 976.

Defendant then filed a writ application challenging this Court's opinion with the Louisiana Supreme Court. While defendant's writ application was pending, on April 20, 2020, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, 590 U.S. - - , 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). In *Ramos*, the United States Supreme Court found that the Sixth Amendment right to a jury trial, as incorporated against the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.

On June 3, 2020, the Louisiana Supreme Court remanded the matter to this Court for further proceedings and to conduct a new error patent review in light of *Ramos*, *supra*. *See State v. Gasser*, 19-1220 (La. 6/3/20), 296 So.3d 1022. On

July 15, 2020, this Court, in light of *Ramos*, found defendant is entitled to a new trial, vacated the non-unanimous jury verdict, and remanded to the trial court for further proceedings. *State v. Gasser*, 18-531 (La. App. 5 Cir. 7/15/20), 307 So.3d 1119, 1121.

On December 7, 2020, the State filed "State's Notice of Intent to Prosecute for Second Degree Murder," indicating that since defendant's conviction for the responsive verdict of manslaughter was vacated, it intended to prosecute defendant at his retrial for the original charge of second degree murder. On December 30, 2020, defendant filed a Motion to Quash Second Degree Murder Indictment, arguing that double jeopardy and the right to appeal barred the State from prosecuting him for second degree murder. The State filed a response on January 21, 2021.

A hearing on the motion to quash was held on January 27, 2021, and the trial court took the matter under advisement. At a hearing on February 10, 2021, the trial court granted the motion to quash and ordered that the State is precluded from prosecuting defendant for the original charge of second degree murder. The trial court also issued written reasons for the judgment that same day, stating that when the jury came back with the ten to two verdict to convict defendant of manslaughter, it was a legal verdict and also a legal acquittal of the second degree murder charge. The trial court found that to allow the State to retry defendant on the second degree murder charge would violate defendant's protections against double jeopardy and his right to appeal. The State appeals.[1]

---

[1] The State filed a Motion for Appeal, which was granted on February 22, 2021. Thereafter, on April 19, 2021, the State filed a bill of information charging defendant with one count of manslaughter in violation of La. R.S. 14:31. On April 26, 2021, this Court granted the State's motion for a stay of the trial court proceedings pending resolution of the State's appeal, "subject to the exceptions set forth in La. C.Cr.P. art. 916 and as otherwise provided by law."

## LAW AND DISCUSSION

On appeal, the State argues that the trial court erred by granting defendant's Motion to Quash Second Degree Murder Indictment. The State asserts that prosecuting defendant for the original charge of second degree murder does not violate either the protections of double jeopardy or the right to appeal.

We first address the State's arguments regarding double jeopardy. The State asserts that while a ten to two verdict was "facially authorized" by La. C.Cr.P. art. 782 and La. Const. art. I, §17 at the time of defendant's trial, we now know under *Ramos* that the provisions of these laws allowing non-unanimous jury verdicts were unconstitutional under the United States Constitution. Thus, the State argues that defendant's conviction for manslaughter was a nullity that did not serve as either a conviction or an implied acquittal. Rather, it was "no verdict at all." As such, the State concludes that there is no double jeopardy bar to prosecuting defendant for the original charge of second degree murder at his retrial.

The State further notes that at the time of the verdict, it had every reason to believe that the ten to two verdict for manslaughter was constitutional. It contends that pursuant to *Ramos*, the proper constitutional response to the ten to two manslaughter verdict would have been either: (1) the jury would have been sent back to deliberate longer and would have ultimately rendered a unanimous verdict; or (2) the jury would have deadlocked, a hung jury and mistrial would have been declared, and the State would have been permitted to retry defendant for the original charge of second degree murder.

In response, defendant contends that double jeopardy precludes the State from retrying him for second degree murder. He asserts that the responsive verdict by a ten to two vote was lawful under the Louisiana Constitution and the Louisiana Code of Criminal Procedure at the time it was rendered and thus, it served as an acquittal of the second degree murder charge. Defendant avers that the *Ramos*

decision did not reverse or affect his acquittal for second degree murder but rather only reversed his manslaughter conviction. He states that in *Ramos*, the court found that a unanimous verdict is required to *convict* a defendant of a serious offense, but the court did not address whether a unanimous verdict is required to *acquit*. Defendant argues that what matters in determining whether defendant was in jeopardy is whether he would have served out his sentence under the purportedly null verdict but for the appeal.

Defendant further asserts that by its nature, the United States Constitution does not regulate what is required to acquit a person of a crime in a state criminal court, stating that the Fourteenth Amendment "has no concerns with acquittals." He asserts that the United States Constitution sets the floor, not the ceiling, on individual rights. He avers that while the United States Constitution now prohibits the State of Louisiana from convicting any defendant of murder on less than a unanimous verdict, it does not now, and did not prior to *Ramos*, prohibit a non-unanimous acquittal.

The double jeopardy clauses of the United States Constitution and the Louisiana Constitution protect a defendant from being punished or prosecuted twice for the same offense. U.S. Const. Amend. V; La. Const. art. I, §15. *See also State v. Drewery*, 12-236 (La. App. 5 Cir. 1/30/13), 108 So.3d 1246, 1256.

La. C.Cr.P. art. 591 states:

> No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.

The prohibition against double jeopardy is a guarantee against a second prosecution for the same offense after an acquittal or conviction, and against multiple prosecutions for the same offense. *State v. Smith*, 95-61 (La. 7/2/96), 676

So.2d 1068, 1069; *State ex rel. Robinson v. Blackburn*, 367 So.2d 360, 362 (La. 1979).

A conviction on a lesser included offense operates as an acquittal on the greater charged offense. La. C.Cr.P. art. 598; *State v. Graham*, 14-1801 (La. 10/14/15), 180 So.3d 271, 277; *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). La. C.Cr.P. art. 598(A) provides: "When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial."

The State contends that *State v. Goodley*, 423 So.2d 648 (La. 1982), supports the conclusion that the unconstitutional manslaughter verdict in this case was null and thus, should not bar defendant's prosecution for second degree murder at his retrial. In *Goodley*, the defendant was indicted for first degree murder. At trial, the trial court incorrectly instructed the jury that while all twelve jurors had to concur in order to find the defendant guilty as charged, only ten of the twelve had to agree on the responsive verdicts. The jury found the defendant guilty of manslaughter by a ten to two vote. On appeal, in an error patent review, the Louisiana Supreme Court reversed the conviction on the grounds that it was invalid because it was not returned by a unanimous jury. *Goodley*, 423 So.2d at 649.

On remand in *Goodley*, the State attempted to retry the defendant for first degree murder. The defendant filed a motion to quash the first degree murder indictment based on principles of double jeopardy. The trial court granted the motion, ruling that jeopardy had attached, and therefore, the defendant could not be retried for first degree murder. The State appealed, and the Louisiana Supreme Court found that the principles of double jeopardy did not preclude retrial of the defendant, stating, "Under the Fifth Amendment, where a non-waivable defect,

such as an illegal verdict, prevents a jury from delivering either a conviction or acquittal at a defendant's first trial, that defendant cannot avail himself of the plea of double jeopardy." *Goodley*, 423 So.2d at 651.[2]

The State also cites *State v. Davenport* and *State v. Mayeux* in support of its position. In *State v. Davenport*, 13-1859 (La. 5/7/14), 147 So.3d 137, the Louisiana Supreme Court found that double jeopardy did not bar the State from re-trying the defendant on the original charge after the trial judge entered an unlawful directed verdict of acquittal in a jury trial, which is a legal nullity. The Court found that because the trial judge was not authorized by law to grant a directed verdict of acquittal, the illegally rendered verdict had no legal effect. *Id.* at 151.

In *State v. Mayeux*, 498 So.2d 701 (La. 1986), the Court found that double jeopardy did not bar the State from re-trying the defendant for the original charge of aggravated battery where the jury had returned a verdict of "attempted aggravated battery," which is not specifically designated as a crime by the legislature. The Court found that the jury rendered an illegal verdict and that the Fifth Amendment does not bar a retrial when a jury's verdict amounted to a conviction of a non-crime and, as such, it could not operate as a conviction or an acquittal. *Id.* at 705.

The present case is distinguishable from the *Goodley*, *Davenport*, and *Mayeux* cases cited by the State. As noted by the trial judge, at the time of the verdict in the present case, the non-unanimous ten to two verdict was authorized by the laws of this state. There was no defect in the verdict at the time it was rendered, whereas the verdicts in *Goodley*, *Davenport*, and *Mayeux* were invalid at the time they were rendered. Because the verdicts in *Goodley*, *Davenport*, and *Mayeux* were not legal and valid at the time they were rendered, they did not act as

---

[2] In *Goodley*, although the Supreme Court found that double jeopardy did not preclude a retrial of the defendant on the original charge, it found that to retry him for the crime of first degree murder would unconstitutionally impair the exercise of his right to appeal under La. C.Cr.P. art. 912.1 and La. Const. Art. I, § 19 (1974).

acquittals of the charged offenses. The ten to two verdict in the present case was valid at the time it was rendered, and therefore, it acted as an acquittal of the second degree murder charge.

After the verdict was rendered at defendant's trial, the United States Supreme Court subsequently issued its ruling in *Ramos*, holding that a unanimous jury verdict is required to convict a defendant of a serious offense. The *Ramos* court specifically indicated that its holding applies to cases pending on appeal and to future cases. 140 S.Ct. at 1407. Defendant's case was still on appeal awaiting review by the Louisiana Supreme Court at the time of the *Ramos* decision and thus, defendant was entitled to have his ten to two manslaughter conviction vacated pursuant to *Ramos*. Accordingly, this Court vacated defendant's manslaughter conviction and remanded the case to the trial court for further proceedings. *See Gasser*, 307 So.3d at 1121.

At the time of defendant's trial in the present case, a unanimous verdict was not required by Louisiana law in order to acquit a defendant. Therefore, when the jury returned a ten to two verdict of guilty of manslaughter, it served as a valid acquittal of the second degree murder charge, precluding retrial of defendant for second degree murder based on the principles of double jeopardy. *See* La. C.Cr.P. art. 598(A). [3]

After review, we find no error in the trial court's judgment granting defendant's Motion to Quash Second Degree Murder Indictment on the grounds of

---

[3] Although the State asserts that this Court and the Third Circuit have found non-unanimous acquittals to be invalid, citing *State v. Rodgers*, 21-190 (La. App. 3 Cir. 4/14/21), 318 So.3d 315, *writ denied*, 21-675 (La. 9/27/21), 2021 WL 4398246, 324 So.3d 87; and *State v. Robinson*, 21-K-197 (La. App. 5 Cir. 4/28/21) (unpublished writ disposition), we note that these cases involved trials occurring after the *Ramos* decision. Because we find the portion of the verdict that acquitted Mr. Gasser of second degree murder was a valid verdict at the time it was rendered, which resolves the issue before us in this appeal, we decline to address the issue of whether a non-unanimous acquittal would be valid for cases where the offense occurred prior to January 1, 2019, but which are tried subsequent to the *Ramos* decision.

double jeopardy.  Accordingly, we affirm the trial court's judgment providing that defendant cannot be retried for second degree murder.

The State also argues that the right to appeal does not bar prosecution of defendant for the original charge of second degree murder on retrial.  However, considering our finding that double jeopardy bars the prosecution of defendant for second degree murder, we pretermit discussion of the State's claims regarding the right to appeal.

## ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).  Our review reveals no errors patent in this case.

## DECREE

For the reasons stated above, we affirm the trial court's judgment granting defendant's Motion to Quash Second Degree Murder Indictment.

## AFFIRMED

STATE OF LOUISIANA                          NO. 21-KA-255

VERSUS                                      FIFTH CIRCUIT

RONALD GASSER                               COURT OF APPEAL

                                            STATE OF LOUISIANA


**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority opinion in this matter. I find that the trial court erroneously granted Defendant's, Ronald Gasser, motion to quash his second degree murder indictment for the following reasons.

In this matter, Defendant was charged with second degree murder. The jury returned a non-unanimous verdict of 10-2 and convicted Defendant of the lesser offense of manslaughter. Defendant was sentenced to 30 years imprisonment at hard labor. Pursuant *Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) and *State v. Gasser*, 19-1220 (La. 6/3/20); 296 So.3d 1022, Defendant's conviction and sentence for manslaughter were vacated, and the matter was remanded to the trial court for a new trial. *See*, *State v. Gasser*, 18-531 (La. App. 5 Cir. 7/15/20); 307 So.3d 1119, 1121. Upon remand, the State filed its notice of intent to prosecute Defendant for second degree murder. In opposition, Defendant filed the motion to quash at issue, which was granted by the trial court.

The majority opinion finds that the 10-2 verdict was a valid acquittal of the second degree murder charge, which precludes retrial of Defendant for second degree murder under the principle of double jeopardy, because a unanimous verdict was not required under Louisiana law. However, the opinion also acknowledges that same non-unanimous jury verdict was found to be unconstitutional in *Ramos* for conviction purposes. To vacate a jury verdict convicting a defendant because it was a non-unanimous jury verdict then uphold the implied acquittal of a defendant

resulting from the same non-unanimous jury verdict is rationally irreconcilable. (*See*, *Bravo-Fernandez v. U.S.*, 137 S.Ct. 352, 356, 196 L.Ed.2d 242 (2016), citing *United States v. Powell*, 469 U.S. 57, 68, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), where the Supreme Court found acquittals resulting from rationally irreconcilable verdicts gain no preclusive effect.).

Furthermore, I agree with the rationale in *State v. Rodgers*, 21-190 (La. App. 3 Cir. 4/14/21); 318 So.3d 315, 318, which states:

> The [*Ramos*] opinion further addresses unanimous verdicts only in terms of convictions in stating, "[a] jury must reach a unanimous verdict in order to *convict*[,]" and, "[s]o if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a *conviction* in federal court, it requires no less in state court." (emphasis added). However, the opinion also states "at the time of the Sixth Amendment's adoption the right to trial by jury *included* a right to a unanimous verdict" without limiting the unanimous verdict to convictions only.
>     While *Ramos* does not specifically address a nonunanimous verdict of not guilty, arguably permitting a lesser requirement than a verdict of conviction, we can find no other jurisprudence to suggest the standard for a verdict of not guilty, or an acquittal, to be less than that required for conviction. We conclude from the Supreme Court's analysis in *Ramos* that the Constitution requires unanimity in all verdicts, not just guilty verdicts.

(Emphasis in original). (Internal citations omitted). (*See also*, *State v. Robinson*, 21-561 (La. App. 5 Cir. 8/23/21)(unpublished writ application), where this Court adopted the Third Circuit's rationale in *Rodgers* and upheld the denial of the defendant's "Motion to Quash due to Acquittal.").

I also find that—considering the strong language expressed in *Ramos* concerning the unconstitutionality of non-unanimous jury verdicts in Louisiana— the date the non-unanimous verdict was rendered is inconsequential when determining whether that verdict is valid and legal. Because I find that a non-unanimous jury verdict in a criminal case is not a legal verdict, I am of the opinion that the right to appeal does not bar prosecution of a defendant for the original charge upon a retrial resulting from a non-unanimous jury verdict.

For the foregoing reasons, I dissent from the majority opinion. Accordingly, I would reverse the trial court's judgment and deny Defendant's motion to quash his second degree murder indictment.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 16, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-KA-255

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLANT)        THOMAS J. BUTLER (APPELLANT)        DANE S. CIOLINO (APPELLEE)
GRANT L. WILLIS (APPELLEE)

### MAILED
CLARE S. ROUBION (APPELLEE)           HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                       (APPELLANT)
610 WOODVALE DRIVE                    DISTRICT ATTORNEY
LAFAYETTE, LA 70503                   TWENTY-FOURTH JUDICIAL DISTRICT
                                      200 DERBIGNY STREET
                                      GRETNA, LA 70053