STATE OF LOUISIANA

VERSUS

JERMAN NEVEAUX

NO. 23-K-461

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-4029, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

October 26, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**WRIT DENIED**
   **SMC**
   **FHW**
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand

COUNSEL FOR DEFENDANT/RELATOR,
JERMAN NEVEAUX
     Richard J. Bourke
     Elliott T. Brown

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
     Grant L. Willis

**CHEHARDY, C.J.**

Defendant, Jerman Neveaux, seeks supervisory review of the trial court's ruling that denied his Motion to Declare La. C.Cr.P. 905.7 Unconstitutional as Violating the Right to a Jury Trial. For the reasons that follow, the writ is denied.

*Procedural Background*

On October 13, 2016, defendant was indicted in case number 16-4029 for the first degree murder of Jefferson Parish Sheriff's Office (JPSO) Detective David Michel in violation of La. R.S. 14:30. On that same date, defendant was indicted in case number 16-6301 for aggravated assault with a firearm in violation of La. R.S. 14:37.4 (count one), resisting a police officer (JPSO Detective George Kister) with the use of violence or threats of violence in violation of La. R.S. 14:108.2 (count two), resisting a police officer (JPSO Sergeant Christy Clement) with the use of violence or threats of violence in violation of La. R.S. 14:108.2 (count three), and illegal possession of a stolen firearm in violation of La. R.S. 14:69.1 (count four). The State is seeking the death penalty.

On July 10, 2023, defendant filed a Motion to Declare La. C.Cr.P. 905.7 Unconstitutional as Violating the Right to a Jury Trial. On July 24, 2023, the State filed State's Omnibus Response to Defendant's Motions Relative to Venire and Indictment, to which defendant replied on August 7, 2023. On August 23, 2023, the trial court denied defendant's motion after a hearing. Defendant timely filed the instant writ application on September 20, 2023.

*Discussion*

In conjunction with defendant's indictment for the first degree murder of Detective Michel in violation of La. R.S. 14:30, the State filed a Notice of Aggravating Circumstances, indicating its intent to present evidence at trial showing that defendant was engaged in the attempted perpetration of an armed robbery at the time of the offense, citing La. C.Cr.P. art. 905.4(1), and during the

23-K-461                                     1

offense, defendant killed Detective Michel, a peace officer employed with the JPSO while Detective Michel was engaged in his lawful duty, citing La. C.Cr.P. art. 905.4(2).

La. C.Cr.P. art. 905.4 provides in pertinent part:

**Art. 905.4. Aggravating circumstances**

A. The following shall be considered aggravating circumstances:

(1) The offender was engaged in the … attempted perpetration of … armed robbery[.]

(2) The victim was a fireman or peace officer engaged in his lawful duties[.]

On January 9, 2023, the State filed a Response to Supplement to Prior Motions for Bill of Particulars, confirming its intent to establish at trial that: 1) defendant violated La. R.S. 14:30(A)(2) in that he killed Detective Michel, a peace officer engaged in the performance of his lawful duties; 2) Witness 19 is the victim of the attempted armed robbery referenced in the State's Notice of Aggravating Circumstances; on the date of Detective Michel's murder, defendant armed himself with a firearm and followed Witness 19; and 3) the State would introduce all evidence that it had produced to defendant in discovery in support the above allegations.

On July 10, 2023, defendant filed a Motion to Declare La. C.Cr.P. 905.7 Unconstitutional as Violating the Right to a Jury Trial. Defendant explained that at capital sentencing, a defendant is guaranteed a jury trial on every aggravating circumstance alleged against him. He further explained that Louisiana's statute provides for the jury to convict of an aggravating circumstance by making a unanimous finding that the aggravating circumstance is proven beyond a reasonable doubt. Defendant contends, however, that Louisiana's statutory scheme provides no mechanism for the jury to acquit him of the aggravating

circumstances, even where the jury is unanimously convinced that the circumstances has not been proven beyond a reasonable doubt. Additionally, defendant argued that Article 905.7 violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because it insulates the jury findings at capital sentencing from Double Jeopardy protection.

In its response, the State points out that other challenges to Article 905.7 have been rejected by the Louisiana Supreme Court, citing *State v. Manning*, 03-1982 (La. 10/19/04), 885 So.2d 1044, *cert. denied*, 544 U.S. 967, 125 S.Ct. 1745, 161 L.Ed.2d 612 (2005).

The State further contends that although it is unclear whether the precise constitutional challenge defendant raised has previously been litigated, it is nevertheless without merit. According to the State, the law requires the jury to find at least one aggravating circumstance beyond a reasonable doubt to sentence defendant to death, and the law provides for appellate review as to whether that aggravating circumstance is supported by constitutionally sufficient evidence. The State maintains that the jury is prohibited from returning a death sentence if it does not find at least one aggravating circumstance beyond a reasonable doubt. Furthermore, the State argues that even if the jury finds at least one aggravating circumstance beyond a reasonable doubt, the jury is still free to decline to return a death sentence.

As to any concern about double jeopardy, the State asserts that if defendant is sentenced to death, the Louisiana Supreme Court will review whether the evidence supports the jury determination of aggravating circumstances sufficient to justify a death sentence. Further, "the state may not subject a defendant to a second prospect of death on retrial of a capital case in which he has received a sentence of life imprisonment[.]" *State v. Washington*, 380 So.2d 64, 67 (La. 1980). As such,

under Louisiana's scheme, the State argues that there is no viable double jeopardy issue.

At the August 23, 2023 hearing on the motion, the trial court denied the motion, stating:

> That motion's denied. I just -- and it's -- I don't know if I'm missing something; but, everything under Chapter 3 is everything in capital cases. So we're not talking about the guilt phase of the trial. We're talking about the sentencing portion of a trial.
>
> And if Mr. Neveaux is found guilty then the jury has to decide, if in fact, there was an aggravated circumstance. And, if there was one, that the jury could consider the death penalty. If not, then the jury cannot consider the death penalty. So I don't know if I'm missing something in the argument, if I'm not understanding; but, again, that's in the sentencing phase.
>
> Again, that's a legislative amendment if it needs to be. I only, again, follow the law, apply the law to the facts; and, therefore, Number 80, we're on, the unconstitutionality of 905.7 is denied.

*Law and Analysis*

La. C.Cr.P. art. 905.3, entitled "Sentence of death; jury findings," provides:

> A sentence of death shall not be imposed unless the jury finds beyond a reasonable doubt that at least one statutory aggravating circumstance exists and, after consideration of any mitigating circumstances, determines that the sentence of death should be imposed. The court shall instruct the jury concerning all of the statutory mitigating circumstances. The court shall also instruct the jury concerning the statutory aggravating circumstances but may decline to instruct the jury on any aggravating circumstance not supported by evidence. The court may provide the jury with a list of the mitigating and aggravating circumstances upon which the jury was instructed.

La. C.Cr.P. art. 905.7, entitled "Form of determination," provides:

> The form of jury determination shall be as follows:
>
> "Having found the below listed statutory aggravating circumstance or circumstances and, after consideration of the mitigating circumstances offered, the jury

unanimously determines that the defendant should be sentenced to death.

Aggravating circumstance or circumstances found:

s/_____
Foreman"

or

"The jury unanimously determines that the defendant should be sentenced to life imprisonment without benefit of probation, parole or suspension of sentence.

s/_____
Foreman"

La. C.Cr.P. art. 905. 8, entitled "Imposition of sentence," provides:

The court shall sentence the defendant in accordance with the determination of the jury. If the jury is unable to unanimously agree on a determination, the court shall impose a sentence of life imprisonment without benefit of probation, parole or suspension of sentence.

La. C.Cr.P. art. 905.9, entitled "Review on appeal," provides:

The Supreme Court of Louisiana shall review every sentence of death to determine if it is excessive. The court by rules shall establish such procedures as are necessary to satisfy constitutional criteria for review.

Statutes generally are presumed constitutional, and any doubt is to be resolved in the statute's favor. *State v. Fleury*, 01-871 (La. 10/16/01), 799 So.2d 468, 472. "Constitutional scrutiny favors the statute. Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible." *State v. Hill*, 20-323 (La. 10/1/20), 341 So.3d 539, 545 n.3, *cert. denied*, 142 S.Ct. 311, 211 L.Ed.2d 147 (2021).[1]

---

[1] This law applies to both statutes and codal articles. *See State v. Cousan*, 94-2503 (La. 11/25/96), 684 So.2d 382, 392 ("At the time of defendant's trial, the Code of Criminal Procedure article quoted above was presumed constitutional."). *See also State v. Landry*, 463 So.2d 761, 763 (La. App. 5th Cir.), *writ denied*, 464 So.2d 1373 (La. 1985) ("However, we do not find it necessary to directly pass upon error number 4, namely the constitutionality of LSA–Constitution Article I, Section 17 and LSA–C.Cr.P. Article 493.1 as applied to driving while intoxicated prosecution, since such articles are presumed constitutional and have indeed been held constitutional and defendant failed, in the trial court, to either raise the issue of their constitutionality or traverse the presumption they enjoy.").

In *State v. Leger*, 05-11 (La. 7/10/06), 936 So.2d 108, 175, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007), the Louisiana Supreme Court discussed capital sentence review as follows:

> Under La. C.Cr.P. art. 905.9 and La. Sup.Ct. Rule 28, this court reviews every sentence of death imposed by the courts of this state to determine if it is constitutionally excessive. In making this determination, the court considers whether the jury imposed the sentence under the influence of passion, prejudice or other arbitrary factors; whether the evidence supports the jury's findings with respect to a statutory aggravating circumstance; and whether the sentence is disproportionate, considering both the offense and the offender.

Additionally, as the State has argued here, "the state may not subject a defendant to a second prospect of death on retrial of a capital case in which he has received a sentence of life imprisonment." *Washington*, 380 So.2d at 67.

Furthermore, the double jeopardy clauses of the United States Constitution and the Louisiana Constitution protect a defendant from being punished or prosecuted twice for the same offense. U.S. Const. Amend. V; La. Const. art. I, § 15; *State v. Drewery*, 12-236 (La. App. 5 Cir. 1/30/13), 108 So.3d 1246, 1256.

La. C.Cr.P. art. 591 states:

> No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.

The prohibition against double jeopardy is a guarantee against a second prosecution for the same offense after an acquittal or conviction, and against multiple prosecutions for the same offense. *State v. Smith*, 95-61 (La. 7/2/96), 676 So.2d 1068, 1069.

The Louisiana Supreme Court has upheld the constitutionality of La. C.Cr.P. art. 905.7, and the form of jury determination when sentencing in capital cases, in other contexts. For example, in *Manning*, 885 So.2d at 1106, the defendant argued

that the penalty phase form was constitutionally insufficient because the language the form used impermissibly shifted the burden of proving the propriety of a life sentence to the defense. Specifically, the defendant claimed that although the verdict form conformed to the statutory requirements of La. C.Cr.P. art. 905.7, it offended constitutional principles by limiting the jury's consideration of mitigation to that offered on the form. The Louisiana Supreme Court pointed out that the jury was fully informed of both the aggravating and mitigating circumstances that it had to consider in its deliberation, and found nothing to suggest that the jury was misled by the statutory language used in the verdict form. Accordingly, the Court determined that defendant failed to show that the form introduced an arbitrary factor into the jury's deliberations. *Id.*

In *State v. Myles*, 389 So.2d 12 (La. 1979), the defendant claimed that La. C.Cr.P. art. 905.7 was unconstitutionally vague and ambiguous because it led the jury to believe that it had to unanimously agree on the recommended sentence. The defense argued that, in effect, the statute failed to inform the jury that the defendant would be sentenced to life imprisonment if the jury failed to make a unanimous sentencing recommendation. The Court noted that the defendant's argument was based on apparent confusion concerning the jury's role in the sentencing phase of the trial. "Under the scheme provided in the Code of Criminal Procedure, the jury must unanimously agree on any sentencing recommendation. La. C.Cr.P. art. 905.7. However, the jurors are not required to make a recommendation, and if they failed to reach an agreement, a sentence of life imprisonment will be imposed. La. C.Cr.P. art. 905.8." *Id.* at 17. The Supreme Court noted that the trial judge explained this to the jurors in a jury charge, where the jurors were informed of only two possible recommendations and instructed that any response other than a unanimous recommendation of death, coupled with a supported finding of an aggravating circumstance, would result in a sentence of life

imprisonment. The Court concluded from this charge that a reasonable juror could infer that failure to reach a unanimous sentencing recommendation would result in life imprisonment, and therefore, that the defendant's constitutional challenge to La. C.Cr.P. art. 905.7 lacked merit. *Id.*

Here, defendant argues that the Form of Determination mandated by Article 905.7 is unconstitutional because it violates his right to a jury trial and because it violates the Double Jeopardy Clause. We find no merit in defendant's arguments. First, Articles 905.7 and 905.3 require a unanimous jury to find at least one aggravating circumstance beyond a reasonable doubt in order to sentence defendant to death. In addition, pursuant to Article 905.9, the Louisiana Supreme Court reviews every sentence of death to determine if it is excessive. *See Leger*, 936 So.2d 108, 175. Second, Article 905.7 has previously withstood other constitutional challenges. *See Manning*, *supra*, and *Myles*, *supra*. Third, we find no double-jeopardy violation because the State may not seek the death penalty on retrial of a capital case where the defendant received a sentence of life imprisonment at the first trial. *See Washington*, 380 So.2d 64, 67. Lastly, it is well settled that statutes generally are presumed constitutional, and any doubt is to be resolved in the statute's favor. *See Fleury*, 799 So.2d at 472. Defendant's arguments fail to overcome that presumption.

Accordingly, finding no error in the trial court's decision to deny defendant's motion to declare La. C.Cr.P. art. 905.7 (form of jury determination) unconstitutional, the writ is denied.

**<u>WRIT DENIED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-K-461

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
DARREN A. ALLEMAND (RESPONDENT)          THOMAS J. BUTLER (RESPONDENT)          ELLIOTT T. BROWN (RELATOR)
RICHARD J. BOURKE (RELATOR)              GRANT L. WILLIS (RESPONDENT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(RESPONDENT)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053